## SUPREME COURT.

### WARD agt. DAVIS AND OTHERS.

An issue of law on demurrer, under the Code of 1849, might be brought on to argument at a special term held in a different county in the district from that indicated as the place of trial in the complaint, without first applying to the court to change the place of trial.

*Fulton Special Term, April* 1851.

—— ——, *for Plaintiff.*
—— ——, *for Defendants.*

WILLARD, Justice.—This action was brought against the defendants as directors of the Saratoga and Schenectady Rail Road Company, to recover damages sustained by the plaintiff, by reason of a defect in the road. The defendants have demurred to the complaint. The place of trial indicated in the complaint is Saratoga county. The plaintiff now moves for judgment on the demurrer, at the special term in Fulton county; and as the defendants do not appear to argue the demurrer, the question is, can an issue of law be brought to trial in a county other than that designated in the complaint, where no special order has previously been made by the court, changing the place of trial.

A trial is defined by the Code, to be the judicial examination of the issues between the parties, whether they be issues of law or of fact (§ 252). These issues, whether of fact or of law, are required to be tried before a single judge, as follows: issues of fact at the circuit court, and issues of law at a circuit court or special term (§ 255). An action like the present, is required to be tried in the county in which the parties, or any of them shall reside at the commencement of the action; or if none of the parties shall reside in the state, the same may be tried in any county which the plaintiff shall designate in his complaint; subject, however, to the power of the court to change the place of trial in the cases provided by law (§ 125). The complaint states that the place of residence of the plaintiff was, at the time of the

commencement of this suit, in the county of Saratoga; and he has designated that as the place of trial.

If the foregoing provisions of the Code are to be construed literally, Saratoga is the county where this issue of law as well as the issue of fact is to be tried.

But I am of the opinion that title 4 of part 2 of the Code (§ 123 to 126) relates exclusively to the trial of *issues of fact*. The 125th section recognizes the power of the court " to change the place of trial in the *cases provided by statute.*" The statute there referred to, is article 1, title 4, ch. 7 of part 3d of the Revised Statutes (2 *R. S.* 409), entitled " of the trial of issues of fact," and it provides in express terms, *for issues of fact which are to be tried by a jury*, and for no other cases. Issues of law, under the former practice, were always heard at the general term, without reference to the place where the venue was laid. The judiciary act of 1847, confined the trial of *issues of fact* to the county where the parties, or some of them resided, and in certain cases, where the venue was laid. It left issues of law to be brought to argument as formerly, without reference to the venue (*Laws of* 1847, 333, § 46, *et seq.*) The reason for confining the trial of an issue of fact to a particular locality, does not apply to the trial of an issue of law. The convenience of witnesses has nothing to do with the argument of a demurrer.

The whole embarrassment in this case has been created by adopting a new definition to the word *trial* in § 252. This word at the adoption of the Code, and for the two hundred years previous, was understood to mean, the examination, before a competent tribunal, according to the laws of the land, of the *facts* put in issue, for the purpose of determining such issue (*Burrel's Law Dict.*, title *Trial; 3 Bl. Com.* 330; *Stephens' Pl.* 76, 77). The word was formerly used in a broader sense, according to Coke, and comprehended issues of law as well as of fact (*Co. Lyt.* 125, *a. b*). But even then, it was usually applied to the determination of questions of fact; and all the commentary of Coke upon the nature and locality of trials, is predicated exclusively of trials of matters of fact (*see Co. Lyt.* 125,

*a. b. &c.*)   The Code recognizes two sorts of issue, namely, an issue of law and an issue fact, and it provides for trial of an issue of law by the court, or a referee, and an issue of fact by a jury, by the court without a jury, and by a referee.   It fixes the place of trial for issues of fact, and provides for changing it for suffi- cient reason, but makes no such *express* provision for the trial of issues of law.   Effect can be given to all the provisions of the Code, if we construe title 4 of part 2 of the Code (§ 123 to 126), as providing only for *issues of fact*.   The practice then, with reference to issues of law, will be left as it was before the Code, so far as relates to locality.   The argument of a demurrer may, therefore, be brought on at any special term in the district, or at a special term in a county adjoining that in which it is triable, though in another district (*Code,* § 401); except that when the action is triable in the first judicial district, the motion must be made there (*id*).

·   I should not hesitate, therefore, to take cognizance of this de- murrer, at this special term, though the place of trial is Saratoga, were it not for a defect in the papers.                            ·

The plaintiff is at liberty to withdraw the motion.

NOTE.—Since the foregoing decision the legislature have altered the 252d section of the Code, so as to leave no doubt that an issue of law may be brought to argument at any general term in the district.