CHARLES TILLMAN and JOHN CHRISTY, Respondents, *vs.* HENRY JACKSON, Appellant.

An order made by the District Court, setting aside a sale upon an execution issued out of that Court, vacating the Sheriff's return thereon, and directing the issuance of a new execution, is an appealable order.

Chapter Second, Section Third, of the Revised Statutes, providing that where a sale upon execution "is of real estate, which consists of several known lots or parcels, they must be sold separately," is merely directory to the Sheriff, and a violation of its provisions by the officer will not invalidate the sale—the only remedy in such cases being upon the officer.

AMES & NELSON, and WILKINSON, BABCOCK & BRISBIN, for Appellant.

EMMETT & Moss for Respondents.

J. B. BRISBIN, *arguendo*, on behalf of the Appellant, insisted upon the following points:

*First*, This was a final order, affecting a substantial right, made on a summary application of the judgment, and is therefore appealable. *Vide Rev. Stat. Chap.* 81, *S.* 11, *Sub.* 3.

*Second*, The relief sought by this proceeding, if at all attain-

able, must be sought in a Court of Equity. The Court will not foreclose the rights of strangers to the record, summarily upon motion. *Lansing et al. vs. Quackenbush*, 5 *Cow.* 38. *Vanderburg vs. Briggs*, 7 *ib.* 367.

*Third*, Sec. 3, Chap. 71, is simply directory to the Sheriff, and its provisions being violated does not invalidate a sale upon execution. The only remedy is upon the officer. *Vide Groff vs. Jones*, 6 *Wend.* 522. *Neilson vs. Neilson*, 5 *Barb.* 565. *Wood vs. Monell*, 1 *John Ch. R.* 502. 1 *Burrill's Practice, page* 301, *and cases cited.*

H. L. Moss, for the Respondents, relied upon the following points:

*First*, This is not an appealable order. *Rev. Stat. p.* 414, § 11, *Sub.* 3.

*Second*, The Court below has control of its own process to remedy any irregularity. *Vide* 3 *Johns. P.* 144. 2 *Wend.* 260. 5 *Cowen*, 280. 1 *Eq. Dig. P.* 482, § 42. 4 *Rand.* 427.

The facts are sufficiently apparent from the opinion. SHER-BURNE J. delivered the opinion of the Court.

*By the Court*—SHERBURNE J. This is an appeal from an order made in the District Court, setting aside a sale or an execution issued from said Court, vacating the Sheriff's return thereon, and directing the issuing of an alias execution. The order was granted on motion of the creditors in execution, wherein they alleged that two lots of land had been sold in one body by the Sheriff, whereas the Statute required that "when the sale is of real property and consisting of several known lots or parcels, they must be sold separately," and that for such reason the sale was void.

The first question presented for the consideration of this Court, is whether the Defendants in the original action had the right of appeal from the order complained of. This must depend entirely upon our Statute provisions upon this subject.

Subdivision 3 of Section 11, Chap. 80, of the Revised Statutes of this Territory provides that appeals may be taken " in a final order affecting a substantial right made in a special proceeding or upon a summary application in an action after judgment."

Is this a " final order affecting a substantial right made upon

a summary application after judgment," within the meaning of the Statutes? No authorities have been cited by Counsel showing that any judicial construction has been given to this provision of Statute as applicable to this question, nor am I aware that there has been any adjudication upon the subject.

Looking, then, to the Statute alone in its bearing upon the point under consideration, it does not appear to me to be ambiguous or doubtful. The order is "final," of course. That it " affects a substantial right," is also equally clear. The Defendant's debt had been paid by a sale of his property. It is very easy to perceive that his rights might be affected in various ways by reviving the old debt against him. A second sale of the property might produce a less sum. Other real estate which he might desire to hold could be sold. Personal property could be sold, if any could be found belonging to him. But it requires no argument or illustration to demonstrate the truth of the position that to revive an execution against a person, which has been actually paid, affects a " substantial right."

The order was also made a " summary application after jugdment." It is difficult to perceive how the Legislature could have found language more apt than that contained in subdivision 3 above referred to, if the intention had been to provide expressly for the case now under consideration. The opinion of the Court is that the order is appealable.

The question then arises as to whether the Court below erred in making the order complained of. The Appellant insists, in the first place that an order of this character cannot be made under any state of facts, and that the Plaintiff in execution must apply for relief to a Court of Equity, and cites some authorities to sustain this position; but such orders have often been granted by Courts whose opinions are entitled to great respect, nor does it seem to me an objectionable exercise of the powers of the District Court when the exigencies of the case are such as to demand it. *The President vs. Lansing*, 2 *Wend.* 260. *Adams vs. Smith & Poindexter*, 5 *Cow.* 280. *Dumond vs. Carpenter*, 3 *Johns.* 140.

But in the view we take of this case, it becomes unnecessary to inquire whether such an order would be regular under any

circumstances, because we are satisfied that in this case there was not sufficient reason for granting it, admitting the Court had the power.

The reason upon which the application for the order was founded was, that distinct lots of land were sold together in violation of the provisions of Statute that each lot should be sold separately, and that the sale for that reason was void. Without examining the question of whether this would be the proper mode of relief, if the sale were void, we will first enquire if the Respondents are warranted in their conclusion that they had acquired no title by the original sale of the officer for the reason stated.

Courts have differed widely in determining what defects in the acts of an officer shall vacate or avoid a sale of, or a levy upon real estate by virtue of execution. And amidst the conflicting decisions, it becomes important to inquire what rule of law is most consistent with the rights of the parties, and the interests of a business people, by whom resort is constantly had to Courts and officers of the law for the collection of debts.

It often happens that the decision of a question of law, even of general application, is wholly unimportant outside of the parties to the cause, except as a guide to the future; and that whether the decision is one way or the other, is totally immaterial to the public generally—they being only interested in having a certain rule established. In such case, the Court would inquire on which side was the weight of authority and would decide accordingly.

But such will not be the action of the Court when the question before them has a material and important bearing upon the general interests. It cannot be doubted that a decision of this Court which shall tend to render the titles to real property sold upon execution either more or less certain, will affect the interests of the debtor or creditor to a greater or less extent in all cases where debts are collected by sale of property under process of law.

It is, of course, for the interests of both debtor and creditor that property so sold should command a full price. To obtain this result is the principal if not the only object of most of the pre-requisites of sale, such as notice, &c. : but they fail in their

intended object, and indeed are often the very means of preventing it, when a non-compliance by the officer with any of the minute directions of law endanger the title which he attempts to convey. Every doubt thrown into the scale which weighs the officer's title, will decrease, in a ten-fold proportion, the price which his title will command. It is obvious, then, that if it is the policy of the law to prevent as far as possible the sacrifice of property by sale upon execution for less than a fair value, it should also be its policy to relieve the purchaser from all doubt in the officer's capacity and power to convey a good title.

Purchasers rarely have the means of determining whether an officer has taken all the steps necessary to a full compliance with the provisions of law prior to a sale, and must generally rely alone upon the facts, that the officer had the power to act. It may be true that in this particular instance the purchaser had the means of knowing that two lots being sold together was in violation of a Statute provision; but it would only happen occasionally that he would have any knowledge of the divisions, and this should not change a rule of law which is consistent and favorable in its operation. The provision is at best only directory, and if the debtor has suffered from this error of the officer, the latter alone is responsible for it. *Groff vs. Jones*, 6 *Wend*. 522. *Neilson vs. Neilson*, 5 *Barb*. 565. *Wood vs. Monell*, 1 *Johns. Ch. Rep*. 502.

It appears to me, therefore, that when the purchaser has satisfied himself that the officer is duly qualified to act and has legal process in his hand authorizing him to sell, our laws should be so construed, if possible, as to relieve his mind of all doubt as to the title which he is to obtain, and justify him as a prudent man in paying a fair consideration—the only exception to this rule being when the transaction is tainted with fraud.

I have had occasion in one instance in this Territory to declare a sale void where the levy was not made in compliance with the Statute, but this was under a positive provision that "until a levy, *property is not affected by the execution*." *Revised Statutes Ch*. 71, *Sec*. 91, *page* 363, *and Ch*. 70, *Sec*. 140, *page* 346.

In most if not all the New England State, a non-compliance by the officer with the directions of the law regarding a levy upon real estate in any material matter, has been adjudged by the Courts as sufficient cause for declaring the "levy" void. But it is to be recollected, in these States real estate is not sold to the highest bidder, as in this Territory, but is set off to the creditors at the valuation of disinterested sworn appraisers, one of whom is generally selected by the debtor himself. The reasons, therefore, which have been suggested as favoring the validity of the title, notwithstanding· omissions in the acts of the officer, do not apply in one important particular under their Statute laws. *Means et al. vs. Osgood*, 7 *Greenl.* 146. *Chamberlain vs. Doty*, 18 *Pick.* 495.    *Morton et al. vs. Edwin*, 19 *Vt.* 77.

In this Territory, many of the Western States, and indeed in some of the old States, where the rapid increase of population and consequent advance in the price of real estate have induced their legislators, as a measure of mutual protection amongst their citizens in their mutual dealings, to adopt some summary measures for enforcing legal obligations, real estate is sold to the highest bidder, and the term of redemption by the judgment debtor is comparatively short.   It is under such laws that no unnecessary doubt should intervene between the. title and the price ; and it is, I have no doubt, for this reason that Courts in those States have generally adopted a rule most favorable to the perfection of the title in such cases.    *Lessee of F. M. Stall vs. C. & E. Macalaster*, 9 *Ohio R.* 19.    *Wheaton vs. Sexton*, 4 *Wheaton R.* 503.   *See, also, Groff vs. Jones, Neilson vs. Neilson, and Wood vs. Monell, before cited.    Hayden, &c., vs. Dunlap*, 3 *Bibb.* 216.

The law, I believe, is uniform everywhere that no omission of the duty of an officer in the sale of *personal* property, nor any mistake of his in the manner of discharging his duty, will vitiate the title to the property in the hands of a bona fide purchaser.   In such case, it is only necessary, in order to establish a title in the purchaser, to show that the officer was duly qualified to act, that he had in his hands legal process authorizing him to sell, and that the sale was in fact made.

It is not readily perceived why a different rule should apply

to the sale of real estate under our laws.   The reasons for the old common law doctrine which threw about it an odor of sanctity which had no existence in relation to the personal property, lose much of their force in a new country where land is quite as easily obtained and quite as little regarded as any other kind of property.   This is the view which seems to have been taken of the matter by the Legislature of this Territory, and but very little distinction has been made between the two in the forms and solemnities of a sale by an officer.

We are, on the whole, well agreed in the opinion that the error of the officer in making the first sale did not vitiate the title of the purchaser; and that if the debtor was injured by the error, his claim was upon the officer.

The order must be reversed with ten dollars costs.

The following, involving a question of practice of some interest, is appended to the report of this case.

TILLMAN & CHRISTY *vs.* HENRY JACKSON.

This is a question of costs allowed by the Clerk, and brought before me by appeal from his decision.

The Plaintiff had caused an execution to be issued against the Defendant and certain property to be levied upon and sold by virtue of it.   Subsequent to the sale, the Plaintiff moved the Judge at Chambers to vacate the proceedings under the execution or sale, and order the issuing of an *alias* execution, and the motion was sustained.   From this order of the Judge the Defendant appealed to the Supreme Court.   The Supreme Court reversed the order, "with costs," without specifying the amount.

The Defendant claims full costs as in case of a trial.   The Plaintiff resists this claim and contends that only ten dollars can be allowed in such case, and that in this particular case, none can be allowed, as the Court did not specify the amount.

Section 12, in page 372 of the Revised Statutes provides that "costs may be allowed on an original motion or on an appeal from an order in the discretion of the Court, not exceeding ten dollars."

Again Section 16 on the same page, as amended in page 12 of the Amendments, provides that "where the decision of a Court of inferior jurisdiction in a *special proceeding* is brought before the Supreme Court or a District Court for review, such proceeding is for the purposes of costs to be deemed an action at issue on a question of law from the time the same-is brought into the Supreme Court or District Court, and costs thereon may be awarded," &c.

Now, is this motion within the meaning of the Statute, a special proceeding? If it is so, then it seems to me that all motions or special proceedings, and that Section 12 first quoted can apply to no class of cases whatever, and must be inoperative and useless. But it is a well established rule of law in the exposition of Statutes, that the intention of the Legislature shall be derived from the whole Statute, comparing each and every part of it. Section 12 then should be considered, if possible, as applying to some class of cases authorized by the Statute.

That a distinction is made by Statute between motions and special proceedings cannot be doubted. Section 2 of Chapter 83 declares that "a judgment in a special proceeding is a final determination of the rights of the parties therein," but an order upon a motion is not the final determination of the rights of the parties, but is generally, if not always, merely incidental to the main question, or used in aid of some more important matters pending between the parties.

Immediately following the provision of Statute last above quoted, and in the same Section, it is declared that, "the definitions of a motion and an order in a civil action are applicable to similar acts in special proceedings." It can hardly be a reasonable interpretation of this language to hold that "motion" in the first part of the sentence and "special proceeding," in the last are intended to represent the same form or kind of process.

Sections 315 and 318 of the New York code of procedure are in substance the same as Sections 12 and 16 of our Statute above quoted. Section 315 of the New York code, reads as follows: "Costs may be allowed on a motion in the discretion of the Court, not exceeding ten dollars."

In *Ellsworth vs. Gooding*, 8 *How. Prac. R.* 3, Mr. Justice Harris, in giving his opinion upon a question of costs arising upon a motion for a new trial, and referring to this section, says: "The 315th Section of the code was undoubtedly intended as a substitute for the 93d rule of 1847. It was intended to apply to special or non-enumerated motions and those only." He also remarks that "the rule was always understood as applicable to non-enumerated motions alone, and cites *Thomas vs. Clark*, 5 *How. Pr. R.* 375, and *Mitchell vs. Westervelt*, 6 *How. Pr.* 275.

In the case of *Thomas vs. Clark,* Justice Wells says in his opinion that, "Section 315 was designed to provide for cases of collateral motions, such as a motion to vacate or set aside some proceedings, or for relief of some kind, and which were not in the direct and regular progress of the suit." The motion in the case under consideration, to set aside the sale upon execution is one of the character referred to by Mr. Justice Wells, and is a non-enumerated motion. See 1 *Burrill's Pr.* 335. I am, on the whole, well satisfied that the costs must be governed in this matter by Section 12, on page 372 of our Statute, and that the costs of a trial on an issue of law cannot be allowed.

But can I allow any costs? The Supreme Court allowed costs without specifying the amount, under the impression that the Defendant was entitled to full costs, and that they could be taxed or adjusted as in ordinary cases of trial. Equity would seem to require that they should be so taxed; but having omitted to state the amount of costs, can I, sitting as a single Justice, modify or correct the order. I think I have no such power. See *Van Schaick vs. Winne*, 8 *How. Pr.* 6.

My opinion is that as the matter now stands, I can allow no costs. The Supreme Court, upon application, and probably upon an informal one, would allow ten dollars.

M. SHERBURNE, <i>Judge.</i>

At Chambers, Nov. 24, 1854.

Upon a subsequent informal application to the Supreme Court, the order was so modified as to allow ten dollars costs,

and the Court decided that in such cases the disbursements could not be allowed in addition to the ten dollars.