THE PEOPLE OF THE STATE OF NEW YORK ex rel. LOUIS K. PECK, Appellant, *v.* THE TOWN BOARD OF THE TOWN OF SALINA, Respondent.

*Town audit — a town board cannot be required to audit a claim a second time — a demand for a peremptory mandamus admits the truth of answering affidavits.*

A board of town auditors which has audited and reduced a claim presented by a physician for fumigating a house by direction of the town supervisor, and has rejected, as unauthorized, his further claim for medical services rendered to a family, and has declined to pass upon the same bill when presented to it a second time, two years later, on the ground that it had already been audited, cannot be compelled, by a writ of mandamus, to audit the account at the full amount thereof, as its former decision is conclusive until it is modified or reversed upon a writ of certiorari.

*Semble*, that where, upon the return of an order to show cause why a peremptory mandamus should not issue, the relator, after answering affidavits have been read which conflict with the moving affidavits, demands a peremptory writ, his demand is equivalent to the interposition of a demurrer, and as to any disputed question of fact the allegations of the answering affidavits must be taken to be true.

APPEAL by the relator, Louis K. Peck, from an order of the Supreme Court, made at the Onondaga Special Term and entered in the office of the clerk of the county of Onondaga on the 23d day of July, 1897, denying the relator's motion for a writ of mandamus directing the town board of the town of Salina, Onondaga county, N. Y., to audit an account of the relator.

On the 15th of February, 1897, an order to show cause was granted "why a peremptory writ of mandamus should not issue under the seal of this court, directed to said town board, and requiring said town board to audit relator's account according to law, at the full amount thereof, to wit, $275.00."

Upon the motion the affidavit of the relator was read; also the affidavit of his attorney. Each of said affidavits contains a copy of the account presented to the town board. The affidavit of George Baxter, supervisor of the town, was read in opposition, and also the affidavit of Willis Gleason, a justice of the peace and a member of the board of town auditors.

*Daniel F. Salmon*, for the appellant.

*Frank Hiscock*, for the respondent.

· PEOPLE ex rel. PECK *v.* TOWN BOARD.   477

App. Div.]      Fourth Department, March Term, 1898.

Hardin, P. J. :

Appellant sought a peremptory mandamus directing the defend-ant to audit his account.

In the answering affidavits it is stated that an account was pre-sented to the town board in the fall of 1894, and was considered by the board and an allowance made for the relator's services in attend-ing the family of Mrs. Meyers, and that that allowance was paid. It further appears by the affidavits that an account for services in fumigating the Van Antwerp house, twenty-five dollars, was pre-sented to the board, and in that account were other items which the relator seeks to have allowed him for services for the Van Antwerp family. The town board allowed twenty dollars for fumigating the Van Antwerp house; and it is admitted that the supervisor requested the relator to fumigate the house, and, therefore, the allowance was made by the town board, that fact being admitted at the time the account was examined by the town board. The other portions of the relator's account were rejected and disallowed by the town board at its session in 1894. A duplicate of that account was presented to the town board in 1896, and the account was rejected, apparently upon the grounds, *first*, that the previous action of the town board stood unreversed and was binding upon the parties. As to the other portions of the relator's account it is averred in the affidavits opposing the motion that there was never any contract authorizing the services or the expenditures made by the relator in attending the Van Antwerp family.

In *Matter of Haebler* v. *N. Y. Produce Exchange* (149 N. Y. 418) it was said : " When upon a motion for a mandamus opposing affidavits are read which are in conflict with the averments in the moving affidavits, and notwithstanding this the relator demands a peremptory writ, it is equivalent to a demurrer, and as to any dis-puted question of fact the answering affidavits are conclusive and must be regarded as true."

Supervisor Baxter states in his affidavit, viz. : " That the board of health of the town of Salina did not authorize deponent to employ any physician to care for the Van Antwerp family, as they were informed that they were financially able to care for themselves, and deponent never requested Louis K. Peck or any other physician to render medical services for said Van Antwerp family, and never

agreed that deponent or the town of Salina would compensate him for medical services which he might render in the future, or which he had already rendered to said Van Antwerp family." That affidavit also states that on the 15th of June, 1894, the relator stated to the supervisor that Van Antwerp had employed him, said Peck. The affidavit also states that the account which was presented to the town board in November, 1896, in behalf of the relator, "was a duplicate of the one presented and acted upon by said board in 1894;" and that no objection was made to the form of the audit or the certificates thereof made in reference thereto as to the bill of 1894. The affidavit also states that the board of town auditors "declined to pass upon said bill on the ground that it had already been audited by said board."

In the affidavit of Gleason the statements made by Baxter are corroborated to a considerable extent, and after stating that twenty dollars was allowed for fumigating the Van Antwerp house, it is stated, viz.: "That the remainder of the bill was not allowed because it related to medical services rendered said Van Antwerp family, and which services were not authorized to be rendered by the supervisor of said town, or any officer thereof, or the board of health thereof, and because said bill could not legally be acted upon as to the items for medical services because not duly itemized. * * * That the said board declined to consider said bill because it had already acted thereon in 1894, and no proceedings had been regularly taken to correct or modify said audit."

In section 180 of the Town Law (1 R. S. [9th ed.] 774) there is an enumeration of town charges; and the affidavits of the relator do not present a case within the enumeration of the charges mentioned in that section, if full force is given to the affidavits read in behalf of the defendant.

In *People ex rel. Johnson* v. *Supervisors of Delaware County* (45 N. Y. 196) it was said that where a board of supervisors has once considered a claim and audited and allowed it at a certain amount, a mandamus cannot issue to compel it to audit it anew, and allow it at a greater amount.

In *People ex rel. Myers* v. *Barnes* (114 N. Y. 317) it was held, viz.: "The term 'audit,' as applied to the action of a board of town auditors, means to hear and examine; it includes both the adjust-

ment or allowance, or the disallowance or rejection, of an account. As a general rule, no claim against a town is obligatory upon, or enforceable against it until it has been audited and allowed by said board. Its jurisdiction over such claims is not only original, but its decision is conclusive until reversed or modified by another court in the manner prescribed by law, *i. e.*, in proceedings by *certiorari*. In proceedings by *mandamus*, instituted by a commissioner of highways, to compel the board of town auditors to audit certain claims against the town for costs awarded against the relator, and paid by him in actions brought by him. * * * Held, that the former adjudications were conclusive, and that until reversal they formed a bar to a reauditing of the bills, and to the application for a *mandamus* to compel it." It was further held : " In determining as to the liability of the town the board acts judicially, and its action cannot be reviewed or controlled by the courts through a writ of *mandamus*."

The doctrine of that case was referred to and followed in *People ex rel. Read* v. *Town Auditors* (85 Hun, 114), and it was held in that case : " The jurisdiction of a board of town auditors over claims is not only original, but its decision is conclusive until reversed or modified by another court in proceedings by certiorari, and where a board of town auditors has passed upon, disallowed and rejected, as against a town, a claim presented to it (which is not an absolute statutory liability), its determination cannot be reviewed by mandamus."

In *People ex rel. Kings Co. Gas Co.* v. *Schieren* (89 Hun, 220) it was held that " Courts will not command an inferior tribunal or a ministerial officer to decide a question in a particular manner when the duties which are required to be performed are, in their nature, judicial. All acts which depend upon the decision of a question of law or the ascertainment and determination of a fact are judicial. A subordinate body can be directed to act, but cannot be directed to act in a particular manner, in a matter as to which it has the right to exercise its judgment."

Inasmuch as there was no stipulated sum agreed upon for the services of the relator in fumigating the Van Antwerp house, the town board, in examining the claim, had a right to exercise its judgment as to the value of the services rendered in that regard ; and having exer-

cised their judgment and cut the claim down from twenty-five to twenty dollars and made a certificate for that amount, their action is controlling.

In *People ex rel. Brown* v. *Supervisors of Herkimer County* (3 How. Pr. [N. S.] 242) it was said : " Where, as in this case, the board might have required a more detailed statement of the expenditures than was given in the account as presented, yet where, instead of rejecting the claim as they might have done, they proceeded to act upon it and investigate it, and to a certain extent allowed it, their action will not be interfered with by mandamus."

We think the action of the town board in 1896 in refusing to allow the duplicate claim made by the relator, ought not to be disturbed, and that the Special Term was warranted in refusing the alternative or peremptory writ of mandamus asked for.

All concurred.

Order affirmed, with costs.