THE PEOPLE OF THE STATE OF NEW YORK ex rel. ERIE RAIL-ROAD COMPANY, Respondent, *v.* THE BOARD OF SUPERVISORS OF THE COUNTY OF ERIE, Appellant.

AUDIT — TAX — ACTION OF BOARD OF SUPERVISORS UPON CLAIM FOR REFUND OF TAXES UNDER SECTION 256 OF THE TAX LAW (L. 1896, CH. 908) — WHEN FINAL — LACHES BY CLAIMANT. Where a board of supervisors, directed in a certiorari proceeding to refund an excess of taxes paid on an overvaluation of relator's property, took the matter under consideration, upon relator's petition, and determined to repay the excess of state, county and town taxes, but denied a refund of the excess of school and highway taxes, and the relator accepted the award and apparently acquiesced therein for a period of three years and then applied to the board of supervisors for a refund of the excess of school and highway taxes, which the board again denied, the action of the board is final, until reversed or set aside, and the relator is not entitled to a writ of mandamus directing the board to repay the excess of school and highway taxes. Moreover, by treating the action of the board of supervisors as an audit, accepting benefits thereunder and acquiescing therein, the relator has given a practical construction to the meaning and effect of the orders made in the certiorari proceeding which it should not now be permitted to repudiate.

*People ex rel. Erie R. R. Co.* v. *Bd. of Supervisors,* 126 App. Div. 920, reversed.

(Argued September 30, 1908; decided October 13, 1908.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 7, 1908, which affirmed an order of Special Term granting a motion for a peremptory writ of mandamus to compel

**128** People ex rel. Erie R. R. Co. *v.* Supervisors. [Oct.,

Points of counsel. [Vol. 193.

the defendant to audit and direct the repayment to the relator of certain excess taxes theretofore paid by it.

The facts, so far as material, are stated in the opinion.

*Thomas A. Sullivan* for appellant. The relator is not entitled to a refund of the school and highway taxes under section 256 of the Tax Law from the county of Erie or the town of Alden, or either of them. (L. 1867, ch. 694; L. 1883, ch. 414; L. 1896, ch. 908, § 39 ; *People ex rel. W. S. R. Co.* v. *Adams*, 125 N. Y. 478 ; *Gay* v. *Siebold*, 97 N. Y. 477 ; *M. Nat. Bank* v. *Bd. of Suprs.*, 3 Hun, 156 ; 62 N. Y. 629.) In auditing relator's claim in 1902, the board of supervisors acted judicially, and its determination was final and conclusive unless modified or reversed in certiorari proceedings. (*Matter of Clark*, 5 Fed. Cas. 2810 ; *People ex rel. Myers* v. *Barnes*, 114 N. Y. 324 ; *People ex rel. Brown* v. *Board*, 52 N. Y. 227 ; *People ex rel. McCabe* v. *Matthies*, 179 N. Y. 247 ; *People ex rel. Harris* v. *Comrs.*, 149 N. Y. 26 ; *People ex rel. S. T. Co.* v. *Treasurer of Monroe Co.*, 121 App. Div. 84 ; *People ex rel. Vandervoort* v. *Cooper*, 24 Hun, 340 ; *People ex rel. Smith* v. *Clark*, 174 N. Y. 259 ; *Matter of Milford*, 99 N. Y. Supp. 400.) The relator's claim presented in 1905 was properly rejected. (*Osterhoudt* v. *Rigney*, 98 N. Y. 222 ; *People ex rel. Myer* v. *Barnes*, 114 N. Y. 317.)

*William M. Wheeler* and *William L. Marcy* for respondent. The assessment of the Erie Railroad Company in the town of Alden having been held erroneous and reduced in proper proceedings, the company is entitled under the law to a refund of all the excess taxes paid. (L. 1896, ch. 908, § 256 ; *People ex rel. R. R. Co.* v. *Matthias*, 84 App. Div. 122.) The original action of the board of supervisors in 1902 does not constitute a bar to the relator's claim. (*People* v. *Supervisors*, 51 N. Y. 401 ; *People* v. *Comrs.*, 149 N. Y. 26 ; *People* v. *R. R. Comrs.*, 158 N. Y. 421 ; *People* v. *Collier*, 175 N. Y. 196 ; *People* v. *Barnes*, 114 N. Y. 330 ; *People* v.

*Suprs. of Delaware Co.*, 45 N. Y. 196; *People* v. *Suprs. of Cortland Co.*, 24 How. Pr. 119; *People* v. *Suprs. of Hamilton Co.*, 56 Hun, 459; *People* v. *Supervisors*, 53 Hun, 254; *People ex rel. Beck* v. *Coler*, 34 App. Div. 167.)

WERNER, J.   The relator, the Erie Railroad Co., seeks in this proceeding to obtain from the board of supervisors of Erie county the repayment of a certain proportion of the taxes paid by it, under assessments levied upon its property in the town of Alden, Erie county, during the years 1899, 1900 and 1901.   The Supreme Court, in three separate certiorari proceedings instituted for the purpose of reviewing the assessments in question, reduced the amounts thereof, and by orders dated December 16th, 1901, made pursuant to the provisions of section 256 of the Tax Law, directed the board of supervisors to refund the proportion of the taxes which had been paid on the overvaluation of the relator's property.   Thereafter, and on February 18th, 1902, the relator presented a petition to the board of supervisors asking for a refund of such taxes. The board took the matter under consideration and determined to repay only the amount of the excess of the state, county and town taxes, amounting to $499.50, but denied relator's claim to a refund of the excess of school and highway taxes.   On May 2nd, 1902, the sum of $499.50 was paid to the relator, which accepted the same, and apparently acquiesced in the determination of the board until May, 1905, when a second petition was presented to the board of supervisors asking for a refund of the amount of the excess of school and highway taxes, which three years earlier the supervisors had refused to pay.   The board of supervisors denied the relator's claim a second time, and this proceeding was instituted to compel such payment.   The courts below have granted the relief prayed for and issued a mandamus directing the board to pay to the relator the sum of $518.61, and thus the question is now presented to this court whether, under the circumstances disclosed by the record, a mandamus was properly issued.

The refund which is the subject of controversy was

9

directed under the authority of section 256 of the Tax Law (L. 1896, ch. 908) which provides: "If in a final order in any such proceeding it shall be ordered or adjudged that the assessment complained of was illegal, erroneous or unequal, and such order shall not be made in time to enable the assessors or other officers to make a new or corrected assessment for the use of the board of supervisors, then at the first annual session of the board of supervisors after such correction there shall be audited and allowed to the petitioner and included in the tax levy of such town, village or city, made next after the entry of such order, and paid to the petitioner, the amount paid by him, in excess of what the tax would have been if the assessment had been made as determined by such order of the court, together with interest thereon from the date of payment. In case the amount deducted from such assessment by such order exceeds ten thousand dollars, so much thereof as shall be refunded by reason of such corrected assessment, other than the proportion or percentage thereof collected for such town, village or city purposes, shall be levied upon the county at large and paid to the petitioner without further audit. The board of supervisors shall audit and levy upon such town, village or city, the proportion or percentage of such excess of tax collected for such town, village or city purposes, which shall be collected and paid to the petitioner without other or further audit."

Two of the orders issued in the certiorari proceedings brought by the relator to review the assessments here in question recited that the taxes were for school, highway, county and state purposes. The third did not recite the specific taxes. All the orders, however, contained the following provisions at the end thereof: "It is further ordered, adjudged and decreed that the Board of Supervisors of the County of Erie, at its first session after the granting of this order, at which said company makes application therefor, shall audit and allow and pay to said Erie Railroad Company and include in the tax of said town of Alden and said County of Erie, respectively, made next thereafter, so much of the

respective .taxes above set forth, together with interest * * * so paid by said Erie Railroad Company, as is in excess of what said taxes and each of them would have been if the assessment of the property of said Erie Railroad Company in said Town of Alden for the year 1899 had originally been made by said Board of Assessors as said sum of one hundred thousand dollars as herein determined, as said Erie Railroad Company is lawfully entitled to, in accordance with Section 256 of Chapter 908 of the Laws of 1896."

We have recently decided in *People ex rel. Eckerson* v. *Board of Education, etc., of Haverstraw* (193 N. Y. —, affirming 126 App. Div. 414) that prior to 1897 there was no method by which the repayment of an excessive tax for schools on an assessment taken from a town roll could be recovered, the town not being liable therefor. That subject is now regulated by chapter 721 of the Laws of 1907, which has no application to the case at bar. As to the excessive highway taxes paid by the relator, the record does not show whether the respondent town has adopted the money system provided for by the Highway Law (section 49 *et seq.*) or whether, when these highway taxes were paid, it was operating under what is known as the labor system. If it was still working under the latter it would, of course, preclude any recovery. But, even if we assume that the money system had been adopted, it is unnecessary for us to decide whether the relator is entitled to recover the excess of highway taxes paid by it. Upon this branch of the case it is enough to say that the relator presented its claim to the supervisors for a refund of the amount in excess of what should have been paid for all taxes in February, 1902. The supervisors took the claim under consideration, and shortly thereafter rejected it in so far as it related to school and highway taxes. It was followed by the payment to the relator of the amount due it for the excess of state, county and town taxes. That amount seems to have been accepted by the relator without objection. The determination thus made was acquiesced in by the relator until 1905, and it is

132 People ex rel. Erie R. R. Co. v. Supervisors. [Oct.,

Opinion of the Court, per Werner, J.     [Vol. 193.

quite probable that it would never again have presented the claim but for the decision in *People ex rel. N. Y. Cent. & H. R. R. R. Co.* v. *Matthias* (84 App. Div. 122), which was handed down in 1903. The simple fact is that the relator had its opportunity to question the legality of the action of the supervisors, but saw fit to accept the amount offered. Three years later it sought to obtain a re-audit of its claim. Nothing is better settled in this state than the proposition that where boards of supervisors have in good faith passed upon the merits of a claim, their action is final until reversed or set aside. (*People ex rel. Myers* v. *Barnes*, 114 N. Y. 317; *People ex rel. Johnson* v. *Supervisors of Del. Co.*, 45 id. 196; *People ex rel. Phœnix* v. *Supervisors of N. York*, 1 Hill, 362; *People ex rel. Peck* v. *Town Board*, 27 App. Div. 476.) It is true that relator contends that this case does not come within the reason of the rule laid down in the authorities cited. Its position is that under the statute referred to and the language of the orders granted in the certiorari proceedings, the supervisors had no discretion in the matter, and that their duty was to obey the plain mandate of the court; and from this it is argued that their determination not to pay the full amount of the claim was not an audit as that term is ordinarily used and understood. We are inclined to think otherwise. But whether this is true or not, it is really unnecessary to determine. The relator has treated the action of the supervisors as an audit. It has repeatedly so named it in various petitions and has accepted benefits under it. By its acquiescence in the decision and by its conduct it has given a practical construction to the meaning and effect of the orders made in the certiorari proceedings which it should not now be permitted to repudiate. Having once elected to treat the decision of the supervisors as an audit, it is now too late to change its choice. To permit the matter to be now reopened after the lapse of three years from the rendition of the original decision would be the equivalent of allowing an entire claim to be split up and prosecuted piecemeal. (*People ex rel. O'Mara* v. *Super-*

*visors of Cayuga Co.*, 40 N. Y. S. R. 238; affd., 43 id. 77; *People ex rel. McDonough* v. *Supervisors of Queens Co.*, 33 Hun, 305; *Pakas* v. *Hollingshead*, 184 N. Y. 211.)

For these reasons the order appealed from should be reversed, with costs in all courts, and the mandamus denied.

CULLEN, Ch. J., EDWARD T. BARTLETT, HAIGHT, HISCOCK and CHASE, JJ., concur; VANN, J., not sitting.

Order reversed, etc.