The People of the State of New York ex rel. Hunter Arms Co., Inc., and the Oswego County Trust Company, Petitioners, v. John M. Foster, as Mayor, William E. Howard and Others, Composing the Common Council of the City of Fulton, Oswego County, New York, and Their Respective Successors in Office, Respondents.

The People of the State of New York ex rel. Victoria Paper Mills Company and Citizens National Bank and Trust Company of Fulton, Petitioners, v. John M. Foster, as Mayor, William E. Howard and Others, Composing the Common Council of the City of Fulton, Oswego County, New York, and Their Respective Successors in Office, Respondents.

The People of the State of New York ex rel. Oswego Falls Corporation and Citizens National Bank and Trust Company of Fulton, Petitioners, v. John M. Foster, as Mayor, William E. Howard and Others, Composing the Common Council of the City of Fulton, Oswego County, New York, and Their Respective Successors in Office, Respondents.

Fourth Department, May 20, 1936.

*William S. Hillick*, for the motion.

*George M. Fanning*, opposed.

EDGCOMB, J.   The respondents move to vacate and set aside orders of certiorari to review the action of the common council of the city of Fulton in relation to the audit of certain claims of petitioners for a refund of excess taxes paid, which said orders were granted *ex parte*, and made returnable in the first instance at the Appellate Division, upon the ground that the petitions fail to state facts sufficient to warrant the granting of the orders.

Before the writ of certiorari was abolished by the enactment of the present Civil Practice Act, a motion to quash such a writ, before making a return thereto, was a well-recognized and approved practice.   (*People ex rel. Miller* v. *Peck*, 73 App. Div. 89, 95; *Matter of City of New York* v. *Sloat*, 116 id. 815.)

With the substitution of the order of certiorari for the writ under our present practice, a motion to vacate the order has been recognized as a proper procedure.   (*Matter of Reed* v. *Board of Standards & Appeals*, 255 N. Y. 126, 132.)   A motion of this character would seem to be authorized by section 1299 of the Civil Practice Act, which provides that, after the certiorari order has been granted, any further order may be made or proceeding taken which would be proper in any action brought in the same court.

The present motion could properly have been made at Special Term, and that procedure would ordinarily be followed.   Nevertheless, this court has the power to vacate the orders of certiorari, the same having been made by the Special Term, without notice to the respondents.   (Civ. Prac. Act, § 132.)   Inasmuch as the motion has been argued at length before us upon elaborate briefs, we have concluded to retain jurisdiction, and not remit the matter to the Special Term for determination.

The motion is in the nature of a demurrer under the old practice. Accepting as true the facts as stated in the petitions, and viewing them in the light most favorable to the petitioners, we think that no error was committed in granting the orders in question.

We are not concerned with the merits of the controversy between the parties, although they have been argued at great length on this motion. We may, therefore, dismiss many of the questions now raised by the respondents. They will no doubt be presented and disposed of at the proper time after the filing of the return.

The respondents urge that the petitioners have mistaken their remedy; that if they have any relief in the premises it is by mandamus rather than by certiorari. That is a question which may very properly be raised and decided upon a motion of this character.

The distinction between mandamus and certiorari is clear and well defined. The former is available to coerce or compel official or judicial action, without directing the manner of its performance; the latter is effectual to review such action.

This brings us to a statement of the nature of the act which the petitioners ask the respondents to perform.

Petitioners are property owners in the city of Fulton. Claiming that their assessments were too high, they sought to have them reviewed in certiorari proceedings, during the pendency of which they paid their taxes under protest. A judgment was finally rendered in petitioners' favor determining that their assessments were excessive, and that they had paid to the city chamberlain of Fulton an excess tax, and specifying the amount thereof.

Section 243 of the Charter of the City of Fulton (Laws of 1902, chap. 63) provides that the board of supervisors of Oswego county, instead of causing the State and county taxes apportioned to the city of Fulton to be spread upon the tax roll of property within the city, shall by resolution ascertain and direct the amount of tax to be levied in the city for State and county purposes, and shall certify such resolution to the common council of Fulton, and that the city clerk shall thereupon extend and apportion such tax on the assessment rolls, along with the city taxes. The total tax, city, county and State, is collected by the city chamberlain.

It has been held that the city is legally bound to pay over to the county of Oswego the total amount of the State and county taxes out of the first moneys received by it on the tax levy; payment of the amount collected from the individual taxpayers for county and State taxes is not sufficient. (*Matter of County of Oswego* v. *Foster*, 262 N. Y. 439.)

In the judgments entered in the tax certiorari proceedings, the proportion of the excess taxes paid by the respective petitioners for city purposes, and also for county and State purposes, is set forth in detail.

Acting under the authority granted to it by chapter 461 of the Laws of 1932, the city of Fulton sold bonds of the par value of $303,000 for the purpose of repaying taxes and meeting deficiencies of revenue occasioned by the reduction of assessments due to final orders in certiorari proceedings. The city received from such sale the sum of $303,873.67.

After the termination of said certiorari proceedings and the receipt by the city of the proceeds from the sale of said bonds, the petitioners presented to the common council their claim for a refund of the excess taxes which they had paid. That body passed a resolution authorizing the city chamberlain to pay to the respective petitioners such part of their demand which had been found to represent the proportion of the tax allocated to city purposes. The petitioners have accepted that amount, and have never been paid the balance of the excess tax paid by them, either from the city or the county.

Ordinarily the examination of a claim against a municipality constitutes a trial, and its allowance or rejection is the judgment of the statutory tribunal charged with the duty of passing on the account. (*People ex rel. Myers* v. *Barnes*, 114 N. Y. 317, 323.)

Under the facts stated in the petitions the action of the council cannot be said to be merely legislative or administrative; it was rather judicial in the sense in which that term is used by the authorities defining the right to an order of certiorari. That being so, certiorari and not mandamus is the proper remedy. (*People ex rel. Erie Railroad Co.* v. *Board of Supervisors of Erie County*, 193 N. Y. 127; *People ex rel. Trustees, etc.,* v. *Board of Supervisors of Queens County*, 131 id. 468; *People ex rel. McCabe* v. *Matthies*, 179 id. 242, 247; *People ex rel. Brown* v. *Board of Apportionment & Audit*, 52 id. 224, 227.)

It cannot be said that, as matter of law, the act of the petitioners in accepting part payment of the amount due them was an acquiescence in an audit of their claim in the amount allowed by the common council, and that the petitioners are estopped from questioning the correctness of the audit. That is a question to be determined when all the facts are before the court.

In *People ex rel. Erie Railroad Co.* v. *Board of Supervisors of Erie County* (193 N. Y. 127) the defendant, which was directed in a tax certiorari proceeding to refund an excess of taxes paid on an overvaluation of relator's property, took the matter under consideration, and decided to repay the excess of State, county and town taxes, but denied a refund of the excess of school and highway taxes. The relator accepted the award, and some three years later again applied to the board for a refund of the excess of school

and highway taxes, which application was denied. It was held that the action of the board, until reversed or set aside, was final, and that mandamus would not lie; that if the relator had any remedy at all it was by way of certiorari. The similarity of the facts in that case to those now before us would seem to settle the question of appropriate remedy.

We have not intended by anything which has been said to express an opinion upon the merits of this controversy, nor to foreclose the respondents from such further application as they may deem proper in the event that a different situation is disclosed by any subsequent proceedings herein. We are simply holding that, on the facts as disclosed by the petitions, the applicants for relief have not mistaken their remedy, and that the petitions state facts justifying and fully warranting the court in granting the orders of certiorari.

It follows that respondents' motion to vacate the orders should be denied.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB and CROSBY, JJ.

Motion of the respondents to vacate and set aside the orders of certiorari granted *ex parte* at Special Term denied, with ten dollars costs.