In the Matter of JOHN A. PLUNKETT, Petitioner, against WILLIAM WILSON, Commissioner of the Department of Housing and Buildings of the City of New York, Respondent.

Supreme Court, Special Term, New York County, November 12, 1942.

*Reuben Weinberg* for petitioner.

*William C. Chanler, Corporation Counsel* (*Seymour B. Quel* of counsel), for respondent.

PECORA, J.   Petitioner seeks an order under article 78 of the Civil Practice Act reviewing and correcting the determination of the Commissioner of Housing and Buildings of the City of New York, and reinstating the petitioner to his position as inspector of plumbing in the Department of Housing and Buildings of the city of New York.   Petitioner held a position in the competitive class of the civil service, but was not a veteran or a volunteer fireman.   The procedure for his removal was therefore governed by subdivision 2 of section 22 of the Civil Service Law (Cons. Laws, ch. 7), as amended by chapter 853 of the Laws of 1941, effective October 1, 1941.   That subdivision in so far as it applies to the instant case reads: " 2. Removals generally. No officer or employee holding a position in the competitive class of the civil service of the state, or any civil division or city thereof, shall be removed except for incompetency or misconduct.   The person whose removal is sought shall have written notice of such proposed removal and of the reasons therefor, and shall be furnished with a copy of any charges preferred against him, and shall be allowed a reasonable time for answering the same in writing."   The subdivision then provides for the penalty or punishment " if such officer or employee is found guilty " and the procedure to be followed " if he is acquitted."

The charges preferred against petitioner were of a serious nature and were predicated upon an investigation made by the Commissioner of Investigation of the City of New York.   In summary they accused petitioner of having accepted gratuities from persons in the plumbing business in connection with inspections of their plumbing work.   Acceptance of a gratuity by a city employee from any person whose interests may be affected by official action is declared to be a misdemeanor by section 901 of the New York City Charter (effective, January 1, 1938).   Conviction for such misdemeanor is punishable by forfeiture of the office or employment.   Petitioner has not been convicted of the misdemeanor, but as a result of the charges herein he has been removed from his office.   The procedure followed herein in connection with petitioner's removal was in conformity with the letter of the statute.   (Civil Service Law, § 22, subd. 2.)   Specific charges in writing were served upon

petitioner, and the notice of charges informed him that he would be given an opportunity to make any explanation he desired on or before a certain date, and that he should submit an answer in writing on or before that date. A written answer was submitted. In addition, petitioner appeared before the Commissioner of Housing and Buildings at which time the Commissioner read to petitioner the *ex parte* testimony of the witnesses examined by the Commissioner of Investigation and petitioner was given an opportunity to explain. Thereafter the Commissioner found petitioner guilty and ordered his removal.

Petitioner, here, was charged with acts which constitute a crime under the law. He complains that in effect he has been found guilty of these acts without having been confronted by his accusers. But despite any views which I might entertain with respect to the unfairness of such procedure, I am constrained by the language of subdivision 2 of section 22 of the Civil Service Law, and an overwhelming weight of authority, to hold that petitioner's removal must be sustained. Neither the amendments to section 22 in 1941 nor the prior provisions of the statute, require that a trial be afforded to a civil service employee unless he be a veteran or volunteer fireman. In the latter two cases the burden is upon the removing power to prove the charges. (Civil Service Law, § 22, subds. 1, 2.) The exigencies of administrative procedure demand a quick and effective method of removal of employees charged with incompetency or misconduct. The rule is firmly settled that the courts will not interfere with the exercise of discretion on the part of the removing authority where the formalities of subdivision 2 of section 22 have been complied with. (*People ex rel. Keech* v. *Thompson*, 94 N. Y. 451; *People ex rel. Kennedy* v. *Brady*, 166 N. Y. 44; *Matter of McGuire*, 157 App. Div. 351; affd., 209 N. Y. 597; *Matter of Traendly* v. *Forbes*, New York Law Journal, Apr. 11, 1939, p. 1648, McLaughlin, J.; affd., 258 App. Div. 717; leave to appeal denied, 258 App. Div. 792.) If indeed the procedure of subdivision 2 of section 22 of the Civil Service Law produces anomalous results where serious charges are brought against civil service employees who are not given the right to confront their accusers and subject them to cross-examination, the remedy lies with the Legislature. The courts must obey the mandates of the statute. If there is substantial evidence to sustain the Commissioner's determination, the discretion of the removing official will not be interfered with. The sufficiency of petitioner's explanation was for the Commissioner to determine. In *Matter of Traendly* v. *Forbes* (*supra*) the

court said: "In passing upon the charges he (the Commissioner) had the right to act upon facts within his own knowledge or upon information received from others."

The argument of petitioner that the amendments of 1941, requiring an employee to be found " guilty " or to be " acquitted," have changed the procedure for removal so as to require a quasi-judicial hearing akin to a trial before a determination of removal, cannot be upheld. The fact that the Legislature did not provide for a hearing prior to removal in subdivision 2 of section 22 despite the provision for hearings in subdivisions 1 and 3 of section 22 is the best possible evidence of the legislative intention that there should be no such hearing. The Legislature had the entire problem of removals before it when it amended section 22; but it did not provide for a hearing in the case of nonveteran city employees. Finally, it appears that based upon the same type of evidence and procedure, removals of other plumbing inspectors have been sustained by this court and in the Supreme Court, Kings County. (*Matter of Model*, New York Law Journal, Aug. 7, 1942, p. 294, BERNSTEIN, J.; *McLaren* v. *Department of Housing and Buildings*, New York Law Journal, Sept. 26, 1942, p. 765, SMITH, J.; *O'Brien* v. *Department of Housing and Buildings*, New York Law Journal, Sept. 26, 1942, SMITH, J.) I therefore find that petitioner has been afforded all of the rights provided for in the statute. (*People ex rel. Kennedy* v. *Brady, supra*.) The motion must accordingly be denied and the petition dismissed.