MADAWICK CONTRACTING CO., INC., Respondent, v. TRAVELERS INSURANCE COMPANY, Appellant, and FRED T. LEY & CO., INC., Respondent.— Action for a declaratory judgment. In a written contract, plaintiff, a subcontractor, agreed to indemnify and hold harmless the general contractor for injury to or destruction of real property and also agreed to provide various forms of liability insurance. The agreement also provided that any claim or dispute arising thereunder should be settled by arbitration. Defendant Travelers Insurance Company issued its policy to plaintiff undertaking "to pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages because of injury to or destruction of property". The policy provided that the insurer shall "defend * * * any suit against the insured alleging such injury or destruction and seeking damages on account thereof" and that "No action shall lie against the company * * * until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant, and the company." A claim for property damage having arisen, the general contractor served a demand for arbitration upon plaintiff. Plaintiff sent the demand to defendant Travelers, which replied that it could "not consent to the proposed arbitration or defend the insured in the arbitration proceeding or be bound by the result of the arbitration as we do not regard an arbitration proceeding as a suit against the insured within the meaning of the policy or an adverse finding as liability imposed by law." Defendant Travelers appeals from the judgment, which declares, among other things, that it was obligated to defend plaintiff in the arbitration proceeding and to pay any award against plaintiff in said proceeding. Judgment modified on the law (a) by adding

to subdivision 2 of the second decretal paragraph the word "not" between the word "is" and the word "required"; (b) by adding to subdivision 3 of the second decretal paragraph the word "not" between the word "is" and the word "obligated" and by striking from said subdivision all that follows the words "American Arbitration Association". As so modified, the judgment is affirmed, with costs to appellant. The findings of fact are affirmed, and the following new findings are made: 5a. By that part of the insuring agreement entitled "Service, Defense, Settlement, Supplementary Payments", the insurance company agreed to defend in the insured's name and behalf any suit against the insured alleging such injury or destruction and seeking damages on account thereof. 5b. In that part of the insuring agreement entitled "Conditions" it is provided that no action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of the policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant, and the company. In our opinion, the policy did not require appellant to defend plaintiff in an arbitration proceeding nor obligate it to pay any award entered against plaintiff in such a proceeding. Wenzel, MacCrate and Schmidt, JJ., concur; Nolan, P. J., dissents from the modification by the majority and votes to modify the judgment so as to provide that the insurance policy furnished by appellant insures against liability which may be imposed on plaintiff, by reason of the claim made by defendant Ley and by virtue of any judgment which may be entered on the arbitration award, with the following memorandum: Plaintiff and defendant Ley entered into an agreement under which plaintiff agreed to do the shoring and sheet piling work in connection with the construction of a building in Hempstead, N. Y. That agreement provided that the subcontractor, plaintiff, should indemnify Ley against loss and expense by reason of liability imposed on Ley by law for damages because of injury to or destruction of property caused by or arising out of plaintiff's work, under the contract, and that plaintiff should provide property damage liability insurance protecting Ley. It also provided that any dispute or claim arising out of or relating to the contract should be settled by arbitration, and that judgment might be entered upon an award, in the court having jurisdiction. These provisions of the contract between plaintiff and Ley were not unusual, and in this case were included in the standard form of contract between general contractor and subcontractor, prepared by the New York Building Congress. Plaintiff procured the property damage insurance from appellant insurance company, which company had notice of the contract provisions heretofore stated. By its policy of insurance appellant agreed to pay on behalf of plaintiff all sums which plaintiff should become obligated to pay by reason of liability imposed by law on plaintiff for property damages, and agreed to insure plaintiff against similar loss by reason of plaintiff's indemnity agreement with defendant Ley. Defendant Travelers Insurance Company, if it saw fit to do so, could have excluded in plain language from its coverage, liability imposed on plaintiff by reason of the award of arbitrators, and consequent judgment thereon, but did not do so. It now seeks to avoid liability by invoking the provision of the policy which provides that no action shall lie against it until the insured's obligation to pay shall have been determined by judgment after actual **trial.** In my opinion, liability may not be avoided by reason of this policy **provision.** While the word "trial", in its strict legal

sense, refers to a proceeding in a court, the meaning to be ascribed to it here must be construed with its context and in connection with the particular matters to which it relates. The contracts between the parties contemplated a possible trial of the issues in any dispute, not before a court, but before arbitrators, who were thereby constituted the tribunal for the determination of any dispute or claim arising therefrom or related thereto. For centuries the word "trial" of a dispute of fact has meant "the examination, before a competent tribunal, according to the laws of the land, of the *facts* put in issue, for the purpose of determining such issue". (*Ward* v. *Davis*, 6 How. Prac. 274, 275; *People* v. *Richetti*, 302 N. Y. 290, 297.) A hearing before arbitrators, although informal, is nevertheless a trial. (*Hyman* v. *Pottberg's Ex'rs*, 101 F. 2d 262, 265.) The word "trial" is frequently used in connection with determinations by tribunals other than the courts. (Cf. *People ex rel. Hunter Arms Co.* v. *Foster*, 247 App. Div. 619; *People ex rel. Myers* v. *Barnes*, 114 N. Y. 317, 323; *Matter of Roge* v. *Valentine*, 280 N. Y. 268, 279; *Matter of Davis* v. *Sayer*, 205 App. Div. 562, 569; *People ex rel. Garrity* v. *Walsh*, 181 App. Div. 118, 125; *Matter of Plunkett* v. *Wilson*, 179 Misc. 149, 151, and *Resler* v. *Malone*, 52 N. Y. S. 2d 457, 459.) The settlement of controversies by arbitration is a practice of early common-law origin which has long received statutory sanction in this State. The arbitration of a controversy is a special proceeding. (Civ. Prac. Act, § 1459.) A judgment is entered on the award, which has all the force and effect of a judgment in an action and is enforcible accordingly (Civ. Prac. Act, §§ 1464, 1466) even though arbitration involves the substitution of another tribunal for the duly constituted courts. Any liability imposed upon plaintiff by reason of the arbitration and judgment will be imposed by law and, in my opinion, within the meaning of the policy, will have been determined by judgment after an actual trial. The language of the policy is of appellant's own selection, and if any doubt arises as to the meaning of the coverage clauses and conditions, it should, ordinarily, be resolved against appellant. (*McKenna* v. *Metropolitan Life Ins. Co.*, 220 App. Div. 53, 59.) I agree that the policy does not require appellant to defend the plaintiff in arbitration. I also agree that there should be no declaratory judgment to the effect that appellant will be required to pay any judgment which may be entered against plaintiff on the arbitration award, but not for the reason that appellant did not insure against such loss. There should be no declaratory judgment at this time, as to appellant's liability to pay such a judgment. That question may only be determined on consideration of the facts which may exist if and when the judgment shall be entered. (Cf. *Reed* v. *Littleton*, 275 N. Y. 150, 157.) In my opinion, however, plaintiff is entitled to a judgment to the effect that the insurance policy furnished by appellant insures against liability which may be imposed on plaintiff, by reason of the claim made by defendant Ley, and by virtue of any judgment which may be entered on the arbitration award. The judgment should be modified accordingly. Adel, J., concurs with Nolan, P. J. [202 Misc. 411.]