# GARY, et al. v. THE BANK OF THE STATE OF ALABAMA.

1. Where a notice is given that a motion will be made for judgment on a particular day of the term, if the motion is not then submitted, the notice

will perhaps be discontinued; but if it is afterwards made, and continued at the defendant's instance, the latter cannot object to the irregularity.

2. Where a *fieri facias* issued on a joint judgment against the principal and his security, is returned unsatisfied, it is no answer to a suggestion by the plaintiff, that the sheriff could with due diligence have made the money thereon, that the surety paid the execution in part, upon an agreement with the plaintiff that the latter should proceed against the sheriff and his sureties for the neglect of the latter to make the money of the principal, before the surety should be looked to for the payment of the residue. But it seems the recovery upon the suggestion should not exceed the balance of the *fi. fa.* unpaid, with damages and costs.

Writ of Error to the Circuit Court of Tuscaloosa.

THIS was a proceeding under the statute of 1326, at the suit of the defendant in error suggesting that the plaintiff, Gary, could with due diligence have made the money on a writ of *fieri facias* in favor of the bank against J. B. Bunn, and S. D. Hooks, which was placed in his hands as the sheriff of Sumter county. Pursuant to a notice, a motion was made against the sheriff and the sureties, in his official bond, for judgment, founded upon the default suggested. An issue being made up, the cause was submitted to a jury, who returned a verdict for the plaintiff below, and judgment rendered accordingly.

On the trial, the defendants excepted to the ruling of the court. The bill of exceptions presents the following points: 1. The notice was issued in December, 1844, informing the defendants that the motion would be made on the first day of the March term of the circuit court holden in 1845, but the same was not submitted until the 12th day of that term, when it was then made and continued by the plaintiff. On the trial docket of the succeeding term, there is the following memorandum: "Cont'd by defendants, Sept. term, 1845;" and this was held sufficient to authorize the court to take jurisdiction of the cause, notwithstanding an objection by the defendants. 2. After the evidence on the part of the plaintiff was closed, the defendants introduced the cashier as a witness, who testified, that after the return of the execution in February, 1844, as well as he recollected, Hooks, one of the defendants in execution, and the security of Bunn, proposed to

the bank to pay one half the judgment, that time should be given him for the remainder, and he permitted to institute a proceeding like the present against the sheriff and his sureties, in the name of the bank, for his use and benefit.   The bank acceded to this proposition, but in a short time, perhaps the same day, the directory being informed that the debt was classed among the bad and doubtful debts, and was in the hands of the agents and attornies of the bank for collection and settlement, withdrew their assent to the proposition, and referred the matter to the agents and attorneys.   It was proved, that it was the practice of the attorney for the bank, whenever informed that a default existed, to institute rules, without consulting the directory.   There was no evidence that the attorney knew of any agreement between the bank and Hooks, that this proceeding was carried on for the benefit of the latter, or that the bank was to hold him accountable for costs in the event of a failure to prosecute the same with effect.   It was admitted that Hooks had been active in the prosecution of this motion, and that upon his information the attorney for the bank had acted.   The defendants further proved, that one of the agents and attorneys for the bank, in July, 1845, paid on the judgment against Bunn and Hooks the sum of $320, which he had received from Hooks about one year previously.   The defendants then proposed to prove the declarations of the agent, &c. who thus paid the money, made at the time of the payment, " to show that this motion was made in the name of the bank, for the use and benefit of Hooks; but the plaintiff objected to their admission, and the objection was sustained.

E. W. Peck & L. Clark, for the plaintiff in error, made the following points :   1. The court should have refused to take jurisdiction of the motion, because the notice informed the plaintiffs that a motion would be made on the first day of a term, when in fact it was not made during the term, but on the 12th and last day of the term it was merely docketed and continued by the bank.   [Broughton v. The Bank, 6 Porter, 48 ; Crawford v. Planters & Merchants' Bank, 4 Ala. Rep. N. S. 313.]

2. The declarations of Jones should have been admitted.

He was the agent and attorney of the bank, to whom this very matter had been refused by the bank, the declarations were made by the agent, touching the business referred to him, and while acting in the premises; they were therefore a part of the *res gesta*, and binding upon the bank, especially as the bank, being a mere artificial body, could only act through the instrumentality of agents. [1 Greenl. Ev. § 113, p. 125; Story on Agency, § 138, p. 130.]

P. MARTIN, for the defendant in error. The notice of the motion was regularly given, and continued. But if this be not so, the appearance and plea waives all objection to the jurisdiction of the court. [Clay's Dig. 218, § 85; 1 Porter's Rep. 22; 8 Id. 442; 1 Ala. Rep. 137, 207.] The declarations of the agent and attorney of the bank were incompetent evidence—he being a good witness. [1 S. & P. Rep. 449; 4 Ala. Rep. 710.] There can be no objection to the judgment—it is rendered upon a verdict which affirms the truth of the suggestion. [4 Ala. R. 296.]

COLLIER, C. J.—Conceding, that where parties to be affected, are informed by a notice that a motion will be made on a particular day of a term for judgment against them, it is necessary to submit the motion on that day, or the notice will cease to be available; yet it does not become so wholly inoperative that a motion afterwards made cannot, *under any circumstances*, be entertained. Here, it appears from a note made on the trial docket for the term next after the return of the notice, and after the motion had been submitted that the cause was continued by the defendants. This note was quite sufficient to have authorized an entry *nunc pro tunc* upon the minutes, if necessary, and may be considered as having been formally made. The continuance of a cause at the instance of a party, presupposes, or at least admits its pendency in court, and will estop him afterwards insisting that it had been previously discontinued.

We will not stop to inquire whether the declarations of the agent of the Bank are so connected with the receipt and payment of the money as to constitute a part of the *res gesta*; for conceding their truth, they furnish no answer to the

suit by the bank. It must be borne in mind that Hooks, though a defendant in the same execution, was the surety of Bunn, and therefore interested in its collection from his principal's estate. Upon its return unsatisfied, his liability continued, and there was nothing unnatural in endeavoring to make such terms with the bank as would relieve himself as much as possible. Certainly he might stipulate for the immediate payment of a part by himself, and that the bank should proceed against the sheriff and his sureties for the default in not making the money. It may be that the sheriff might show the payment by Hooks and *pro tanto* diminish the recovery against him; but certainly such an agreement could not impair the right of the bank to charge him for the residue.— Thus far at least the judgment would remain unsatisfied, and the remedy for the official default as available as when the *fi. fa.* was returned.

It is immaterial whether the proceeding was instituted at the suggestion of Hooks or not—it is in the name of the bank, commenced and prosecuted by its attorney, and whether in its initiation the directory had any agency, is immaterial— they have adopted it, and that is quite sufficient. There is nothing in the record but the notice and suggestion that indicates that the plaintiff sought to recover the full amount of the execution, and the judgment rendered for less than half, with damages according to the statute. There is no error in the ruling of the circuit court, and its judgment is consequently affirmed.