## KUHLAND v. SEDGWICK.

IN this case, the answer being insufficient as a denial of the allegations in the complaint, and the Court having instructed the jury to find for plaintiff: *Held*, that the instruction was right—no evidence being required on the part of plaintiff.

If such instruction were technically erroneous it would not be sufficient to reverse the judgment.

Where the complaint in replevin averred that on a certain day plaintiff was the owner and in possession of the property, and that its value was $1,000; and the answer denied that on the day specified the "plaintiff was the owner and lawfully in possession;" and, as to its value, averred that the defendant has no knowledge, etc., and therefore denies that it is worth $1,000: *Held*, that the answer is insufficient, because it raises an immaterial issue as to time; and, as to the possession of the property, that it amounts merely to a conclusion of law.

Such an answer raises no issue as to the allegation of "possession," except in conjunction with the allegation of ownership, and as each of the allegations is sufficient to sustain the complaint, the issue presented by the conjunctive denial is irrelevant and immaterial.

The denial as to value, being based on the want of knowledge or information, is insufficient.

The attorney of plaintiff, being a Notary Public, may take the affidavit verifying the complaint.

The objections to the verification to a complaint that it was not authenticated by the seal of the Notary; that there was no venue to the affidavit; that there was no evidence that the officer was a Notary Public, etc., being technical, should be taken in the Court below, and cannot be raised for the first time in this Court.

Where an amended answer is complete in itself, and is inconsistent with the original answer, the two cannot stand together.

Absence of evidence is no ground for continuance, unless reasonable diligence has been used to procure it. The party must have resorted to proper legal means for that purpose; or must satisfy the Court that a resort to such means would have been useless.

Where evidence is in a party's own possession, its absence is not excused—on motion for continuance—by showing that through inadvertence he is unable to produce it.

APPEAL from the Fifth District.

Suit for taking and detaining a lot of merchandise. The verification to the complaint is in the usual form; is headed "Tuolumne county, ss.;" and taken before the attorney of the plaintiff, who signs his name thus: "H. P. Barber, Notary Public"—no seal being attached. The answer was filed Aug. 12th, 1859; and the amended answer filed Nov. 8th following, by leave of Court and by consent of plaintiff's counsel.

The statement contains this clause : " The pleadings comprising the complaint and amended answer may be referred to as part of this statement."

As to the continuance, the motion by defendant was based upon an affidavit, dated March 21st, 1860, by one of his attorneys, to the effect, among other matters, that one Francisco Dryer was a material witness; that he was absent in the city of New York, and had been so absent from a short time prior to the commencement of this suit to the present time ; that " this action was continued at the last term of this Court on account of the materiality of said witness ; and as affiant was about proceeding to have a commission issued to take the testimony of said witness, he learned from persons who would be likely to know, that the witness intended to return to the State, and would be here at the present term of this Court ; that affiant has made inquiries for the last month as to whether said witness had returned, but was unable to gain any satisfactory information until he arrived at Chinese Camp, on his way to attend the present term of this Court, when affiant was informed by one Cutter, of Chinese Camp, that said witness had not yet returned to this State, but was expected very soon ; " that he can procure the testimony of the witness at the next term, and knows of no other witness by whom he can prove the same facts. The facts expected to be proved by the witness were set forth, and were material.

The affidavit further states, in substance, that affiant had in his possession, a short time before leaving San Francisco, a letter of plaintiff's to H. &. B. of that city, showing that the sale of the property in dispute from one Dryer to plaintiff was fraudulent, made by both parties to cheat creditors, etc. ; that he inadvertently left this letter, and also a certain judgment roll and execution, in San Francisco, and was not aware of the fact until the evening before the trial, and that he has charge of all the papers in the case.

Plaintiff admitted the judgment and execution ; and, as to the absence of the witness Dryer, read an affidavit by defendant at the previous term of Court, Nov. 8th, 1859, to the effect that this witness had then left for New York, and that his testimony could be had by the next term ; upon which a continuance was then granted.

Motion for continuance denied. Plaintiff then proved possession

of the goods at the time defendant as Sheriff seized them, their value, and a notice to defendant of his claim, and rested.

Defendant moved for nonsuit, on the ground that plaintiff had not shown title to the goods, nor value.    Overruled.    The defendant offered no evidence, and the Court directed the jury to find for plaintiff the value, as laid down in the complaint, with interest.

Verdict and judgment for plaintiff.    Defendant appeals.

*M. Compton*, for Appellant.

I.    The affidavit on motion for continuance was sufficient.  There was no necessity for defendant to have issued a commission to take the testimony of Dryer, because he was expected to return to the State soon.

II.    The nonsuit ought to have been granted; and the Court erred in charging the jury that the value of the goods was admitted by the pleadings, and to find for plaintiff.    Plaintiff proved neither title to the goods, nor their value.    (4 Duer 201 ; 6 How. P. R. 329.)

The amended answer sufficiently denies the value.    (*Smith* v. *Doe*, 15 Cal. 100.)    A defendant is not bound to make an unqualified denial of facts of which he is ignorant.    (Pr. Act, sec. 52 ; 1 Monell's Pr. 569.)

An unqualified denial is required only where a defendant is presumed to know the facts alleged in the complaint.    This was the chancery rule.    (1 Paige, 404 ; 3 Id. 103 ; 1 John's Ch. 103 ; Voorhies' Code, 128.)    And the code has not extended the rule. (8 Barb. 124 ; 4 Sandf. 708 ; 6 How. P. R. 329 ; 6 Id. 321 ; 5 Id. 321.)    Besides, the original answer is part of the record, and fully denies the value.

III.    The complaint was in fact not verified.

1.  It was sworn to before plaintiff's attorney.    2.  It was not authenticated by the Notarial seal.    3.  There was no venue to the affidavit.    4.  There is no evidence that the officer was a Notary. 5.  The affidavit does not show, by the party making it, nor by the officer taking it, that it was made at any particular place.    (4 Blackf. 185, 356 ; 1 Ala. 527 ; Wood's Dig. 554, sec. 8 ; 6 How. 394 ; 12 Wend. 225, note.)

*D. W. Perley*, also for Appellant.

*H. P. Barber*, for Respondent.

I.   The continuance was properly denied. The affidavit of defendant showed no diligence in procuring the testimony of the absent witness.   A commission ought to have been issued.   The cause had been continued at the previous term of the Court on account of the absence of this same witness.   As to the paper left at San Francisco, it was purely the fault of defendant; and there was no abuse of discretion in refusing the motion.   (*Musgrove* v. *Perkins*, 9 Cal. 211.)

II.   The answer admits the value of the goods.   (*San Francisco Gas Co.* v. *The City*, 9 Cal. 453.).   And it also admits the possession ; and this is *prima facie* proof of ownership.   The Court below had, therefore, nothing to do but to instruct the jury as to the amount of damages.   (3 Gr. & W. on New Trials, 751 ; 16 Wend. 663 ; 7 Id. 160.)

III.   The verification to the complaint is sufficient.   There is no law prohibiting the plaintiff's attorney taking the affidavit.   The statute expressly declares that the official seal need not be affixed to an affidavit.   (Wood's Dig. 564, secs. 2897–8.)

The other objections are not based on fact.   There is a venue to the affidavit.   But the complaint and answer were both treated in the Court below as verified ; and these objections cannot be waived for the first time in the appellate Court.

Cope, J. delivered the opinion of the Court—Baldwin, J. and Field, C. J. concurring.

The complaint alleges that on a certain day the plaintiff was the owner and in possession of certain personal property, of the value of $1,000 ; and that the defendant on the same day seized upon and converted it to his own use.   The answer denies that on the day specified the plaintiff " was the owner, and lawfully in possession " of the property; and, in relation to the value, says that the defendant has no knowledge, etc. ; and therefore denies that it was $1,000.   The seizure is admitted ; and the

defense relied upon is a justification under a judgment and exe-
cution against one Dryer.   The pleadings are verified ; and on
the trial no evidence was introduced in support of this defense.
The Court instructed the jury to render a verdict for the plaintiff,
for the value of the property as stated in the complaint, and
interest at ten per cent. per annum from the time of the seizure.
It is objected that the Court had no right to direct the jury to render
a particular verdict, and that the instruction was therefore errone-
ous.   There might be something in this objection if any evidence
had been required to enable the plaintiff to recover, but we think
the instruction can be supported upon the pleadings alone.   The
answer, so far as the denials are concerned, is defective and insuffi-
cient, and no issue is taken upon the allegations of the complaint,
except by confession and avoidance.   The burden of proof was
upon the defendant, and as no evidence was introduced by him,
the plaintiff was entitled to a verdict upon the complaint.

The defects in the answer are so obvious that a general reference
to them is all that is required.   The denial in relation to the owner-
ship and possession of the property is subject to various objections.
It raises an immaterial issue as to time ; and, in reference to the
possession, amounts simply to a conclusion of law.   There is not
even the pretense of an issue upon this allegation, except conjunc-
tively, with the allegation of ownership.   Each of these allegations
is sufficient to sustain the complaint ; and an issue presented by a
conjunctive denial must be regarded as irrelevant and immaterial.
The denial as to value is based upon the want of any knowledge or
information on the subject, and the insufficiency of such a denial
has already been determined by this Court.   (*Gas Company* v.
*City of San Francisco*, 9 Cal. 453.)   The seizure of the property
being admitted, no evidence was necessary to entitle the plaintiff to
recover, and as none was offered by the defendant, a verdict for
the plaintiff was the necessary consequence.   Under these circum-
stances, we think the instruction was correct ; and even if it were
technically erroneous, we should not regard it as sufficient cause to
reverse the judgment.

There are several additional points made, but we see nothing in
them to justify a reversal.   The objections to the verification of

Selden *v.* Mecks.

the complaint are entirely technical, and should have been taken in the Court below. We cannot tolerate the practice of raising such objections for the first time in this Court. The verification is sufficient in form and substance; and we are not aware of any provision of law making the attorney incompetent to take it.

The original answer is not properly a part of the record, and cannot, therefore, be considered. The amended answer is complete in itself, and the intention, of course, was to supersede the original. Besides, the answers are inconsistent with each other, and cannot be permitted to stand together.

The motion for a continuance was based upon insufficient grounds. The absence of evidence is no cause for a continuance, unless reasonable diligence has been used to procure it. The party must have resorted to the proper legal means for that purpose, or he must show to the satisfaction of the Court that a resort to such means would have been unavailing. Where the evidence is in his own possession, its absence is not excused by showing that through inadvertence he is unable to produce it.

Judgment affirmed.