[No. 15898. Department Two.—June 5, 1896.]

A. M. BENHAM, RESPONDENT, *v.* M. W. CONNOR, APPELLANT.

ACTION UPON NOTES BY ENDORSEE—INSUFFICIENT COUNTERCLAIM AGAINST PAYEE—NOTICE OF ASSIGNMENT—CONSTRUCTION AGAINST PLEADER—JUDGMENT UPON PLEADINGS.—In an action upon promissory notes brought by an indorsee thereof, an answer stating no other defense than alleged counterclaims against the payee of the notes, but not alleging facts showing that the counterclaim arose before defendant had notice of the assignment of the notes to plaintiff, is to be construed most strongly against the pleader, and raises no issues which can be considered in the case; and it is not error for the court to grant judgment in favor of plaintiff upon the pleadings.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. JOHN F. FINN, Judge.

The facts are stated in the opinion.

*Morrison, Stratton & Foerster,* for Appellant.

After the due service and filing of a first amended answer, duly verified, containing a substantial defense on the merits, the court had no power to grant the motion for judgment on the pleadings. (*Felch* v. *Beaudry,* 40 Cal. 445, 446.) Pending a motion to strike out an unverified answer and for judgment on the pleading, the court should allow the answer to be verified. (*More* v. *Del Valle,* 28 Cal. 174; *Arrington* v. *Tupper,* 10 Cal. 464; *Lattimer* v. *Ryan,* 20 Cal. 632; *Angier* v. *Masterson,* 6 Cal. 62; *Kirstein* v. *Madden,* 38 Cal. 158; *Seehorn* v. *Big Meadows etc. Ry. Co.,* 60 Cal. 251; *Farmers' Nat. Gold Bank* v. *Stover,* 60 Cal. 395; *Ward* v. *Clay,* 82 Cal. 509; Code Civ. Proc., sec. 473; *Roland* v. *Kreyenhagen,* 18 Cal. 457; Bliss on Code Pleading, sec. 430.)

*Olney, Chickering & Thomas,* and *Chickering, Thomas & Gregory,* for Respondent.

There is no sufficient denial of any of the material allegations of the complaint, as no attempt is made to deny the indebtedness due on the note set forth in the first count of the complaint, and the counterclaim does not allege that the promise to surrender the note to defendant was made prior to the assignment to plaintiff or to notice of the assignment. (Code Civ. Proc., sec. 368.) Since defendant relied upon new matter, it was his duty to affirmatively and distinctly plead it. (*Coles* v. *Soulsby,* 21 Cal. 47; *Moss* v. *Shear,* 30 Cal. 472; *Becker* v. *Boon,* 61 N. Y. 317; Pomeroy's Remedies, sec. 687; *Indianapolis etc. Co.* v. *Hyde,* 122 Ind. 188.) Since neither answer presented any defense, the order for judgment on the pleadings was properly made. (*Gay* v. *Winter,* 34 Cal. 153; *Felch* v. *Beaudry,* 40 Cal. 439; *Hemme* v. *Hays,* 55 Cal. 337; *Loveland* v. *Garner,* 74 Cal. 298; *San Francisco* v. *Staude,* 92 Cal. 560.)

BELCHER, C.—This action was brought to recover the amount due on three negotiable promissory notes, each of which was separately set out in the complaint, and alleged to have been executed by the defendant, and to have been indorsed by the payee thereof to the plaintiff. The complaint was duly verified. In due time the defendant filed an unverified answer to the complaint, containing a general denial of all its allegations, and setting up as a counterclaim an alleged cause of action against the payee of two of the said notes. Thereafter, the plaintiff served notice on the defendant that on the twenty-ninth day of April, 1892, he would move the court to strike from the files the said answer, and for judgment on the pleadings, upon the ground that the said document was unverified, and was sham and irrelevant.

On April 28th the defendant served on the attorneys for the plaintiff a properly verified amended answer, but they refused to admit service of the same. This answer contained no denials whatever, but set up the same counterclaim as that found in the original answer, and also a second counterclaim, consisting of another alleged cause of action against the payee of the said two notes. On April 29th defendant filed his amended answer among the papers in the case, without obtaining any leave of the court to serve or file the same. Thereafter, on the same day, plaintiff's motion came up for hearing, and the fact of the service and filing of the said amended answer was then brought to the knowledge and attention of the court by counsel for defendant. After due consideration, the court granted the motion for judgment on the pleadings, and judgment was accordingly entered in favor of the plaintiff as prayed for.

From that judgment the defendant has appealed, and it is claimed that the facts above stated show errors in the action of the court which entitle him to a reversal. This claim cannot, in our opinion, be sustained.

1. The code provides that when the complaint is ver-

ified the answer must also be verified, except in certain specified cases, of which this is not one. (Code Civ. Proc., sec. 446.) The original answer was not verified, and for that reason counsel for appellant concede that plaintiff would have been entitled to judgment on the pleadings if no other answer had been filed.

The only question, then, is as to the amended answer. Assuming that that answer can be considered, it will be observed that it sets up no defense whatever to one of the notes sued on, and the only defenses to the other two notes are the alleged counterclaims. And it will also be observed that there is no averment, or anything to indicate, that either of the causes of action set up as a counterclaim arose before the assignments of the said notes to the plaintiff, or before defendant had notice of such assignments.

But if the said causes of action did not in fact arise before defendant had notice of the assignments to plaintiff, then it is clear that they could not be availed of as counterclaims or offsets against plaintiff's demand. (Code Civ. Proc., sec. 368; Pomeroy's Remedies, secs. 162–66, and cases cited.)

It was incumbent upon the defendant to set out all the facts showing that his alleged causes of action constituted valid counterclaims, but this he failed to do.

As pleadings are construed most strongly against the pleader, it is apparent that the amended answer raised no issues which could be considered in the case. It was not error, therefore, for the court to grant the motion for judgment on the pleadings. (*Felch* v. *Beaudry*, 40 Cal. 439; *Hemme* v. *Hays*, 55 Cal. 337; *Loveland* v. *Garner*, 74 Cal. 298; *San Francisco* v. *Staude*, 92 Cal. 560.)

2. In view of what has been said, it is unnecessary to consider the question whether, without leave of the court, the amended answer could be filed and made a pleading in the case.

The judgment should be affirmed.

BRITT, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

McFarland, J., Temple, J., Henshaw, J.

Hearing in Bank denied.