[Civ. No. 792.  Second Appellate District.—October 6, 1910.]

## D. R. EVINGER, Respondent, v. T. L. MORAN, Appellant.

PLEADINGS—AMENDMENT OF ANSWER BEFORE HEARING OF DEMURRER—ORIGINAL SUPERSEDED.—An amendment of the answer after the filing of a demurrer thereto, and before the hearing of the same and determination of the issue of law raised by the demurrer, is authorized, as of right, by section 472 of the Code of Civil Procedure; and when the amended answer is so filed, the original answer is superseded.

ID.—AMENDED ANSWER FILED PENDING MOTION FOR JUDGMENT ON PLEADINGS—MOTION DETERMINABLE ON AMENDED ANSWER.—Where such amended answer was also filed pending a motion for judgment upon the pleadings, and before the time for submission of briefs thereon had expired, such motion cannot be determined upon the original answer, but must depend upon the sufficiency of the amended answer.

ID.—EFFECT OF STIPULATION TO SUBMIT MOTION UPON BRIEFS.—The effect of a stipulation to submit the motion for judgment upon the pleadings upon briefs is a submission thereof upon the filing of such briefs.

ID.—PROPER JUDGMENT ON PLEADINGS—INSUFFICIENT AMENDED ANSWER TO COMPLAINT—CONDITION TO PAY OTHER MONEY FOR PATENT—NONPAYMENT NOT AVERRED.—Where the complaint for money

loaned alleged that no time was fixed for payment, and the amended answer took issue thereon and alleged that the money was only to be paid when plaintiff and his associate should pay $6,000 upon the procuring of a patent for certain land, and merely alleged that no patent had been issued, but failed to aver nonpayment of that sum, no defense is alleged, and the court properly granted a judgment upon the pleadings.

ID.—EVENT MATURING LOAN.—The event which should mature the loan under the answer was the payment of the $6,000 as agreed, to obtain the patent.

ID.—ANSWER TO BE CONSTRUED AGAINST PLEADER—PRESUMPTION.—Construing the answer under the rule "that the pleading is to be construed most strongly against the pleader, and that no intendments can be indulged in its aid," it must be presumed that if the $6,000 had not been paid, that fact would have been averred, and its payment not being negatived, no error appears in the judgment as rendered, and it must be affirmed.

APPEAL from a judgment of the Superior Court of Kern County.   J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

W. W. Kaye, for Appellant.

Carter & Carter, for Respondent.

ALLEN, P. J.—The controlling question involved upon this appeal relates to the sufficiency of an amended answer filed by defendant pending the hearing of a motion for judgment upon the pleadings.  This amended answer was filed before the trial of an issue of law raised by a demurrer to the original answer.  The effect of filing such amended answer, if properly filed, was to supersede the original answer.  (*Kuhland v. Sedgwick,* 17 Cal. 123.)  The permission to amend a pleading once as of right before the trial of such issue is authorized by section 472, Code of Civil Procedure.  Were it even conceded that the motion for a judgment on the pleadings performs the same office as a demurrer, and therefore the section should be construed as only permitting such amendment as of right before an issue of law is heard under a motion presenting the issues which would be involved in a general demurrer, nevertheless, it appears from the record that the amended answer was on file before such motion for judgment

was disposed of. A stipulation was filed that the motion was submitted upon briefs thereafter to be filed. The effect of such stipulation is a submission upon the filing of such briefs. The amended answer was filed before the time allowed for filing briefs had expired. If the amended answer was sufficient to raise an issue of fact, the court erred in rendering judgment on the motion directed against the original answer. If, upon the other hand, the amended answer presented no defense, the trial court was warranted in rendering judgment. (*Benham* v. *Connor*, 113 Cal. 171, [45 Pac. 258].)

The complaint alleged a loan by plaintiff to defendant without agreement as to time of repayment. The answer denied that no time for repayment was agreed upon, but alleged that the same was to be payable when plaintiff and an associate paid to defendant a certain $6,000, which they had agreed to pay when a patent was issued for certain land. It is alleged that such patent has never issued, but it is not averred that the $6,000 has not been paid. The event which should mature the loan was the payment of the money. Construing the answer under the rule "that the pleading is to be construed most strongly against the pleader, and that no intendments can be indulged in its aid" (*Callahan* v. *Loughran,* 102 Cal. 481, [36 Pac. 836]), it must be presumed that if the money had not been paid, that such fact would have been averred.

The payment of the money not being negatived, we see no error in the record, and the judgment appealed from is affirmed.

Shaw, J., and James, J., concurred.