3440.. PATTERSON *v.* GEORGIA, FLORIDA & ALABAMA RAILWAY CO

The action being for breach of contract, and the evidence not authorizing the conclusion that the minds of the parties (who negotiated with each other by correspondence) ever met upon the same thing in the same sense, and, therefore, there being no proof that a contract ever existed between them, judgment was properly rendered in favor of the defendant.
DECIDED JANUARY 15, 1912.

Action on contract; from city court of Bainbridge—Judge Harrell. March 13, 1911.

*R. G. Hartsfield,* for plaintiff.   *J. R. Pottle,* for defendant.

RUSSELL, J.   This case was submitted to his honor Judge Harrell, of the city court of Bainbridge, for his determination without the intervention of a jury, and, after a consideration of the evidence, the court rendered judgment in favor of the defendant. The action was for damages claimed by reason of the alleged breach of a contract of sale, under which the plaintiff became the purchaser of a certain canning plant. ·The negotiations were between Patterson, the plaintiff, who resided in Greenville, Tenn., and O'Dell, who was the general manager of the defendant at Bainbridge, Ga., and were all carried on by correspondence, which is contained in the record. The plaintiff testified by interrogatories, from which it appears that the parties had never met in person. Numbers of letters were exchanged and several telegrams. The correspondence began by a letter from O'Dell to Patterson on February 5, 1908, and continued without intermission of more than two or three days until April 5, 1908. It can not serve any useful purpose to detail its contents. It may be said that Patterson first took an ·option.· He did not comply with that option, and still the correspondence was continued, and the contract might have been created. even after the expiration of the option, if it was not apparent that the minds of the parties never did meet upon the same thing in the same sense. There was disagreement as to what was actually to be delivered, and much correspondence over this, without any definite understanding. There is likewise apparent, all through the correspondence, a determination on the part of each party to insist upon his own preference as to the method of payment. O'Dell insisted, each time that he referred to it, that payment should be made at Bainbridge, and Patterson as often insisted that O'Dell

should draw on him through either bank in Greenville, and he gave references as to his complete solvency. It would be fruitless to refer to the number of minor matters in the correspondence which indicate continual contention, rather than fixed concurrence of opinion, in regard to the details of the proposed bargain. If the statement of O'Dell that the canning plant was complete could have been insisted upon by Patterson (and, of course, the delivery of a complete plant could have been demanded if the other terms of the first proposal had been complied with), still there had been no definite acceptance by Patterson of O'Dell's offer prior to the time that O'Dell notified Patterson that some of the machinery or equipment was missing, and, of course, after that time, if the parties had traded at all, O'Dell's first offer of a complete canning factory must be deemed to have been withdrawn, and is qualified by the later statement that some of the accessories of the canning factory had been stolen. As Patterson did not know what parts were missing, and continually expressed a desire for transportation to come and investigate, it could not thereafter be said that the minds of the parties had agreed, or could agree on what was actually to be sold by the one and purchased by the other.

*Judgment affirmed.*