5730. JONES *v.* AMERICUS AUTOMOBILE CO.

RUSSELL, C. J. While it is true that when no time is fixed wherein a contract is to terminate, the law allows for its termination a reasonable time (to be determined by a jury), still the court did not err in striking the defendant's plea in response to an oral demurrer based upon the ground that the contract set forth in the plea was too vague and indefinite to be the basis of a set-off against the plaintiff's suit on account. The judgment striking the plea was not based upon the specific ground that the contract was too indefinite as to its duration, but the judg-

ment must be approved if it was for any reason correct. The contract which the defendant sought to set up was plainly unilateral; and it was too vague and indefinite as to the relation established between the parties, in that it is impossible to determine from the contradictory allegations whether the contract was one of agency or of purchase. A discount upon the price of cars purchased and a commission upon the price of cars sold are so inconsistent as to be incapable of enforcement at the same time, unless it be alleged that there was to be a discount and a commission in addition thereto. It is apparent, from the allegations of the defendant's answer, not only that the alleged contract was not enforceable against the defendant, but also that the minds of the parties did not meet at the same time on the same thing and in the same sense, so as to create a binding contract. See *Patterson* v. *G., F. & A. Ry. Co.*, 10 *Ga. App.* 306 (73 S. E. 431); *Thorn* v. *State*, 13 *Ga. App.* 11 (78 S. E. 853); *Martin* v. *Cox*, 13 *Ga. App.* 236 (79 S. E. 39); *Oliver Construction Co.* v. *Reeder*, 7 *Ga. App.* 276 (66 S. E. 955).

> *Judgment affirmed. Broyles, J., not presiding.*
> DECIDED DECEMBER 9, 1914.

Complaint; from city court of Americus—Judge Harper. February 4, 1914.

The plea referred to in the decision alleges, that the note sued on was given as a part of the purchase-money of two Flanders cars or automobiles, the balance of the purchase-money on the cars having been paid; that these cars were sold to the defendant for $1,577.75, the price of cars to agents,—that is 15 per cent. off the list price for similar cars, freight added; that these cars were bought to resell, and were purchased of the plaintiff on condition that the plaintiff would give territory to the defendant for the handling of the same line of automobiles that the plaintiff handled in Americus; that the territory was to be from Huntington eastward to Flint river and the contiguous section thereto and the county of Lee in the State of Georgia; that the prices to be charged by the defendant for the automobiles handled in the said territory were to be the list prices of the factory making the cars, and that the compensation of the defendant for handling the cars was to be 15 per cent. of the purchase-price,—that is, the list price of the cars; "the plaintiff agreeing that it would not go into the territory of the defendant, and defendant would not sell cars out of the territory allotted;" that upon the consideration of the territory as aforesaid, the defendant purchased two cars as aforesaid; that the plaintiff agreed to give the defendant 15 per cent. of all supplies purchased of the plaintiff as part of the agreement as aforesaid; that this was done at stated times; that the plaintiff on several occasions recognized

the contract and territory so allotted to the defendant; that this contract was entered into on August 26, 1912; that some time in the fall of the year 1912, while the contract of agency was in force, the plaintiff, without the consent of the defendant, entered the territory of the defendant, and sold to designated persons residing therein three cars described, the list prices of which are given, aggregating $3,250, and that "the commissions agreed to be paid as aforesaid" aggregate 15 per cent. of this, to wit, $487.50, which the defendant prays be recouped of the plaintiff and set off against the plaintiff's demands.

*Wallis & Fort,* for plaintiff. *R. L. Maynard,* for defendant.