## 11144. MILLER v. KEYS COMMISSION COMPANY.

1. The agreement alleged in the plea of set-off was too vague and indefinite, and the court did not err in striking the plea.
2. No sufficient defense was set up by the plea that the note sued on was without consideration and was obtained by duress.

DECIDED MARCH 18, 1920.

Complaint; from city court of Camilla — Judge Burson. September 22, 1919.

*Peacock & Gardner,* for plaintiff.    *J. J. Hill,* for defendant.

SMITH, J. 1. C. M. Keys Commission Company brought suit against Dan Miller upon a promissory note. To this suit the defendant filed an answer denying that he was indebted to the plaintiff upon the note, but admitting that it was past due and unpaid. He further insisted that he was not indebted to the plaintiff in any amount, but that on the contrary the plaintiff was indebted to him, that on or about September, 1917, the defendant being in the business of buying and selling cattle, he, having at that time several cars of cattle bargained for, the plaintiff through its representative persuaded him to let the plaintiff pay for, take them, and resell them, agreeing to guarantee the defendant a profit over and above the purchase-price, *the amount of the guarantee being indefinite,* but that the defendant would realize a nice profit on the cattle; that he relied upon said guarantee and allowed the plaintiff to take over and pay for six cars of cattle; that the plaintiff paid for the cattle and shipped them away. The defendant further alleged, that the said cars of cattle were worth a reasonable profit over and above the purchase-price, amounting to at least $450; that he had never been paid anything in the way of profit on said cattle, and asked for a judgment against the plaintiff for his set-off. This defense was too vague and indefinite, and the court did not err in striking it. See *Jones* v. *Americus Automobile Co.,* 15 *Ga. App.* 453 (83 S. E. 642).

2. The defendant further pleaded, that shortly after this transaction he moved to Jacksonville, Florida, and became connected in business with certain persons there, and became interested in certain property; that shortly after he settled at Jacksonville the plaintiff sent a claim against him to an attorney, said claim being for the amount of the note sued for, and that said attorney threatened to institute court proceedings, and was about

to institute court proceedings and hold up defendant's property and put him out of business, and that all this was done for the purpose of extorting money or a note from the defendant, which he did not owe and which the plaintiff knew he did not owe, and that this was done for the purpose of offsetting what the defendant was due the plaintiff from the sale of cattle; that under these circumstances he gave the note and that he alleges that there was no consideration for the note, and he owed plaintiff nothing, that the note was obtained by duress, and he prayed for a judgment against the plaintiff for $450, besides interest. The court did not err in striking this defense, which sought to set up duress and total want of consideration. See *Williams* v. *Buchanan, 17 Ga. App.* 466 (1) (87 S. E. 605), and cit.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*