THERESA KAFKA v. RAYMOND G. O'MALLEY AND ANOTHER.
WILLIAM G. KAHLERT AND OTHERS, *d. b. a.* JAMIESON & COMPANY, GARNISHEES-RESPONDENTS.
LILLIAN MURPHY AND ANOTHER, INTERVENERS-RESPONDENTS.[1]

April 18, 1946.

No. 34,178.

[1]Reported in 22 N. W. (2d) 845.

*R. G. O'Malley* and *Frank T. O'Malley, pro se.*

*Randall, Smith & Blomquist* and *I. E. Krawetz,* for plaintiff-respondent.

PETERSON, JUSTICE.

This appeal involves three questions: (1) Whether a motion to strike an answer as sham and frivolous should be dismissed where within the time for making amendments as of course and before the hearing on the motion defendant amends the answer, but in such a way as to leave it vulnerable to the motion to strike, and after interposing the amended answer procures continuances of the hearing on the motion to strike and in open court at one of the adjournments pays to plaintiff a substantial part of the amount claimed in the complaint; and, if the motion should not be dismissed, whether it reaches the amended answer; (2) whether we can predicate an affirmance upon a ground appearing as a matter of law in the record, but not considered by the trial court; and (3) whether a party against whom relief is sought upon a motion is entitled to affirmative relief upon a countermotion presented without any notice at the hearing on the original motion.

In this action plaintiff asserts a joint and several liability against defendants as partners and individuals. The complaint alleges in effect that defendants were partners engaged in the practice of law; that plaintiff retained them to foreclose a certain real estate mortgage upon which there was due $6,000 and interest; that defendants collected the money; and that, although many demands were made, defendants failed to remit. Defendants interposed separate answers denying liability. We are not concerned now with the answer of defendant Frank T. O'Malley. Defendant Raymond

G. O'Malley in his answer interposed two separate defenses: the first, a general denial; the second, in addition to a general denial, a specific denial that defendants were partners, and allegations that plaintiff did not employ or consult them as partners, believe them to be such, or assert liability against them as such, and that in consequence thereof she was "estopped to now assert the contrary."

Plaintiff moved to strike the answer of defendant Raymond G. O'Malley as sham and frivolous on a showing by the affidavits of two of her counsel, Moritz J. Blomquist and Donald B. Smith, which was in no way disputed or contradicted, that the allegations in the answer were false. Mr. Blomquist stated in his affidavit that, in an interview for the purpose of collecting from Mr. O'Malley the money due plaintiff, Mr. O'Malley admitted that he had been retained by plaintiff to foreclose the mortgage, for which she paid him a fee of $150; that he knew that a payment of $325 had been made by the mortgagors and that the balance of $6,000 had been paid; that at plaintiff's request he had paid $400 of the money collected by him to her brother; that he would have to check his records to be certain as to these facts; that he had the money on deposit in banks; that, because of reasons concerning his own taxes, he preferred to issue a check for the amount due to plaintiff after December 15, 1944; and that after the date mentioned he would do so.

Mr. Smith's affidavit showed that he had numerous conferences with Mr. O'Malley concerning the matter before and after the commencement of this action; that in effect Mr. O'Malley several times admitted his employment by plaintiff; that he had collected the money; that he prepared a written statement showing that he had collected as principal and interest $7,628.09, and disbursed, at plaintiff's request, $460, leaving a balance in his hands of $7,168.09—the precise amount demanded in the complaint; that he put off paying to plaintiff or to her attorneys the amount he thus admitted he owed her; and that, after this action was commenced, he stated that he was glad it had been commenced because of the fact that

the commencement thereof set a definite time within which he was required to pay.

The motion was set for hearing on January 26, 1945, but was continued from time to time at the request of defendant Raymond G. O'Malley until March 23, 1945, when it was heard and submitted. At the hearing he moved to dismiss the motion to strike upon the ground that he had interposed an amended answer. He took the position that the amended answer superseded the original one, and that, because of that fact, the motion to strike should be dismissed. The trial judge refused to consider the amended answer for the reason that he thought there was no showing that it had been served within the time allowed for an amendment. Defendant contends that the affidavit of service shows that the amended answer was served on plaintiff's attorneys at 1:30 p. m. on January 26, 1945. We shall refrain from any further statement of the evidence and circumstances concerning that fact, because we shall assume, for purposes of decision, contrary to the views of the trial judge, that the amended answer was served at the time defendant claims it was.

The amended answer, the same as the original, alleged two separate defenses. The first defense was a general denial. The second defense, in addition to a denial that plaintiff employed defendant to foreclose the mortgage, alleged that he was retained by her "to advise" her concerning the mortgage and that "eventually" he was retained "to manage, look after, sell in whole or in part, negotiate with the mortgagors and others; to liquidate so as to increase the value of her security, using his best judgment and efforts with full and absolute power and authority, and at his discretion, to do whatever might be necessary or desirable to liquidate or collect the same, or substitute other securities therefor"; that he rendered services in relation to such matters of "very substantial value"; and that "upon an accounting being had and taken thereof this answering defendant is entitled to offset the amount as to [so] determined and pay the plaintiff the balance shown thereby as due her, upon the trial of this action."

At one of the adjournments, on February 2, 1945, defendant Raymond G. O'Malley in open court paid on account to plaintiff's attorneys the sum of $2,000.

At the hearing on March 23, defendant Frank T. O'Malley presented a countermotion in writing, but without serving any notice of same upon plaintiff, demanding that the action be dismissed as to him upon numerous grounds.

The trial judge made an order: (1) Denying the motion of defendant Raymond G. O'Malley to dismiss plaintiff's motion to strike; (2) striking his answer as sham and frivolous; (3) striking the amended answer as not having been served in time; and (4) denying defendant Frank T. O'Malley's motions with a statement that no notice thereof had been served on plaintiff. Thereafter, without further order of court, plaintiff entered judgment against the defendant Raymond G. O'Malley for the amount alleged in the complaint and interest, less the sum of $2,000 paid in open court, and for her costs and disbursements. Defendants appeal from the judgment.

■ Ordinarily, where a motion to strike an answer as sham and frivolous is made before the time to amend the answer has expired and the defendant, before the expiration of such time, interposes an amended answer as of course and of right, the motion to strike should be dismissed. Dorf v. Corsa, 163 N. Y. S. 602; 1 Bancroft, Code Pleading, etc. (10-Year Supp.) § 561, p. 308; 49 C. J., Pleadings, § 779, p. 562.[2] The reasons are plain. The right to amend once within 20 days as of course is conferred by Minn. St. 1941, § 544.29 (Mason St. 1927, § 9279). The right to amend is not lost by plaintiff's making a motion to strike the answer within the time allowed for amending. Sutton v. Wegner, 72 Wis. 294, 39 N. W. 775. An amended answer supersedes the original. In First State Bank v. C. E. Stevens Land Co. 119 Minn. 209, 137 N. W. 1101,

[2]See, Katsh v. Rafferty (D. C.) 12 F. (2d) 450; Snedecor v. Chapel, 192 App. Div. 915, 183 N. Y. S. 86; Spuyten Duyvil Rolling Mill Co. v. Williams, 1 N. Y. Civ. Proc. 280; Rider v. Bates, 66 How. Pr. (N. Y.) 129; Welch v. Preston, 58 How. Pr. (N. Y.) 52.

43 L.R.A. (N.S.) 1040, Ann. Cas. 1914A, 1146, we said that an amended pleading stops all further use of the original. The original pleading is abandoned by the amendment and is no longer part of the pleader's averments against his adversary; it is *functus officio*. State ex rel. Talaba v. Moreland, 132 Ohio St. 71, 5 N. E. (2d) 159. Furthermore, an amendment generally changes the fact situation with respect to the rights of the parties. The motion to strike reaches only the original pleading as the one at which it is aimed, and not the amended pleading, which entirely supersedes the original and stands on its own bottom. In order to strike the amended pleading, another and separate motion for the purpose is necessary. Protection L. Ins. Co. v. Foote, 79 Ill. 361.

A defendant may waive the right to a dismissal of a motion to strike the answer upon the ground that he interposed an amended answer. Where, as here, the defendant treats the motion to strike the answer as applicable to the amended answer, defendant waives the rule that the motion should be dismissed because of his interposition of the amendment. Bernert v. Multnomah Lbr. & Box Co. 119 Or. 44, 247 P. 155. See, Evinger v. Moran, 14 Cal. App. 328, 112 P. 68. We think that, as a matter of law, defendant Raymond G. O'Malley waived the right to a dismissal of the motion to strike. Service of the amended answer having been made at 1:30 p. m. on January 26, 1945, and the motion to strike having been set for hearing at 2:00 p. m. on the same day, the amended answer was served before the motion to strike was set for hearing. When the motion to strike came on to be heard, defendant was entitled to a dismissal of the motion. Instead, he requested and obtained a continuance of the hearing on the motion, which was followed by several other requested continuances. The only permissible inference is that, if defendant intended to stand on his right to have the motion to strike dismissed, he would have taken a dismissal when his right thereto arose. Requesting a continuance of the hearing on the motion to strike not only presupposed and admitted that the motion to strike continued to be in full force and effect, but was conduct inconsistent with an intention to exercise the

right to a dismissal. Where a defendant is entitled to a dismissal and instead consents to a continuance, he thereby waives the right to a dismissal and consents to further proceedings the same as if he never had been entitled to a dismissal. In Johnson v. Hagberg, 48 Minn. 221, 222, 50 N. W. 1037, 1038, where a discontinuance of an action in justice court resulted from a continuance thereof for more than a week without pleadings and, before the adjourned date, the parties consented that the case be adjourned to another date with the right to file pleadings then, we held that, although the original continuance without pleadings resulted in a discontinuance of the action, defendant's consent to a continuance with right to plead waived the right to a dismissal, and said:

"* * * But it is a rule of universal application that parties may, by consent, give jurisdiction over the person, and it follows as a consequence that, where there is any defect of jurisdiction, or it has ceased, the parties may waive the objection, and they do so when they take or consent to any step in the cause which assumes that the jurisdiction exists or continues."

See, Todd v. Bettingen, 102 Minn. 260, 113 N. W. 906, 18 L.R.A.(N.S.) 263.[3] Of course, if defendant had promptly moved to dismiss the motion to strike and then procured a continuance of the motion to dismiss, a different question would be presented. Longcor v. Atlantic Terra Cotta Co. 122 Minn. 245, 142 N. W. 310. By defendant's requests for continuances of the motion to strike and plaintiff's consent thereto, the parties treated the motion to strike as pending as against the amended answer. What else could it be pending against? It could no longer reach the original answer, because it had been superseded and withdrawn by the amended answer, and

---

[3]See, as holding that by consenting to or procuring a continuance after the right to a dismissal or discontinuance had accrued defendant waives the right to a dismissal or a discontinuance, Pennsylvania R. Co. v. Pittsburgh, 335 Pa. 449, 6 A. (2d) 907; Phillips v. Reaves, 231 Ala. 364, 165 So. 80; Hayes v. Dunn, 136 Ala. 528, 34 So. 944; Gary v. Bank of the State, 11 Ala. 771; 27 C. J. S., Dismissal and Nonsuit, § 49, p. 207, notes 93, 94.

consequently all further use of it was stopped. The amended answer was the only answer before the court. That being true, the amended answer was the only answer to which the motion to strike could apply. Since the motion to strike was kept alive by the continuances and since after amendment and the continuances the motion could apply only to the amended answer, it necessarily follows that the motion to strike was continued in force and effect as to the amended answer.

We think that the order striking the amended answer was correct, not because it was not served within the time for amending, but because, like the original answer, it also was sham and frivolous. The general and specific denials in the amended answer were mere repetitions of the denials in the original, and presented nothing new with respect to those matters. The allegations in the second defense of the amended answer, concerning the nature of defendant's employment, services rendered, their value and right to offset the value thereof against any amount due plaintiff, were inserted to take the place of those relative to estoppel in the original answer. The allegations in the amended answer as to the nature of this defendant's employment, the services rendered by him, and that plaintiff was indebted to him for such services were shown clearly to be false by the explicit showing made with respect to those matters by plaintiff. The fact of falsity is confirmed by defendant's payment in open court at an adjourned hearing after the amendment of the answer of $2,000 to apply on account of the claim made in the complaint. Furthermore, these allegations were entirely insufficient to constitute a defense, counterclaim, or setoff because of the failure to allege the reasonable value of the services. Confer Bros. v. Currier, 164 Minn. 207, 204 N. W. 929; Sperry Realty Co. v. Merriam Realty Co. 128 Minn. 217, 150 N. W. 785; Bentley v. Edwards, 125 Minn. 179, 146 N. W. 347, 51 L.R.A.(N.S.) 254, Ann. Cas. 1915C, 882; Farrington v. Wright, 1 Minn. 191 (241); Miller v. C. M. Keys Commission Co. 25 Ga. App. 100, 102 S. E. 555. The facts alleged in the original answer upon which this defendant predicated an estoppel also were shown to be false.

The allegation that, because of such facts, there was an estoppel was so palpably frivolous as not to require a citation of authority. Defendant does not assert the contrary. The amended answer substituted sham and insufficient allegations concerning defendant's right to a counterclaim for the sham and frivolous allegations of the original answer that there was an estoppel. Where a sham and frivolous amended answer contains allegations insufficient to constitute a valid counterclaim, it may be stricken notwithstanding such allegations, even if the allegations concerning the counterclaim are true. Benham v. Connor, 113 Cal. 168, 45 P. 258. Here, the allegations concerning the counterclaim were both sham and insufficient.

The reasons for interposing an amended answer and procuring continuances of the motion to strike are clear. Under the showing, the answer was clearly sham and frivolous and ripe to be stricken. Minn. St. 1941, § 544.10 (Mason St. 1927, § 9259); Meuwissen v. H. E. Westerman Lbr. Co. 218 Minn. 477, 16 N. W. (2d) 546; Nelson v. Auman, 216 Minn. 407, 13 N. W. (2d) 38; Kirk v. Welch, 212 Minn. 300, 3 N. W. (2d) 426; 5 Dunnell, Dig. & Supp. §§ 7657, 7668. The amended answer was vulnerable to the same sort of motion upon the showing made. A judicial determination that either the answer or the amended answer was sham and frivolous would have been ruinous to defendant as one that he was guilty of wrongdoing as an attorney at law. Therefore, it was to his interest to avoid a decision as to the sufficiency of the answers in order to avoid one concerning his own wrongdoing. Since it was clear that, if the motion to strike the answer were dismissed, another motion to strike the amended answer could be made and that the motion would be granted upon the showing made, defendant procured continuances to put off decision. But, in so doing, he paid the price which he as an attorney at law fully realized, that the motion to strike would be kept alive as to the amended answer by the requested continuances. Because it appears as a matter of law that the amended answer was sham and frivolous, it should have been stricken on the motion upon those grounds.

■ Decision here upon the ground that the amended answer was sham and frivolous and as such subject to be stricken on the motion to strike because defendant, by requesting the continuances, waived the right to a dismissal of the motion and thereby kept alive the motion as to the amended answer is upon a different ground from the one given by the trial court, namely, that the amended answer had not been served within the time allowed for the purpose. This is permissible. While a respondent cannot assign error upon appeal, decision in his favor may be predicated upon any ground appearing as a matter of law in the record. Maki v. St. Luke's Hospital Assn. 122 Minn. 444, 142 N. W. 705; Morley Const. Co. v. Maryland Cas. Co. 300 U. S. 185, 57 S. Ct. 325, 81 L. ed. 593, rehearing denied, 300 U. S. 687, 57 S. Ct. 505, 81 L. ed. 888; 1 Dunnell, Dig. & Supp. § 395, note 4. It appears here as a matter of law that the amended answer was sham and frivolous and that it should have been stricken on those grounds.

■ We think that the countermotion of defendant Frank T. O'Malley for affirmative relief against plaintiff was properly dismissed for the reasons that it was presented in open court without notice to plaintiff's attorneys and that, under the circumstances, they had no opportunity to answer or meet it. Where, at the hearing on a motion regularly made by plaintiff, defendant presents a countermotion without notice and without opportunity to plaintiff to answer it, the countermotion should be denied as irregular. Garcie v. Sheldon, 3 Barb. (N. Y.) 232.

Affirmed.

Mr. Justice Christianson took no part in the consideration or decision of this case.