In the Matter of the COUNTY OF OSWEGO, Appellant, against LANGDON C. FOSTER, as Chamberlain of the City of Fulton, Respondent.

(Submitted October 18, 1933; decided October 27, 1933.)

*William M. Gallagher* for appellant.

*Don Carlos Buell* for respondent.

POUND, Ch. J. The salient facts are as follows: In accordance with the provisions of the charter of the city of Fulton (Laws of 1902, ch. 63, § 243), the board of supervisors at its annual session in the fall of 1931 did not cause the State and county tax apportioned to the city of Fulton to be spread upon any tax roll of property within said city, as is the procedure generally in accordance with the provisions of section 59 of the Tax Law (Cons. Laws, ch. 60), but in accordance with the provisions of this section of said charter by resolution certified the total amount of tax to be levied in the city for State and county purposes to the common council of the city of Fulton. In accordance with sections 44 and 245 of the city charter, the amount so certified, amounting to the sum of $168,754.27, which together with the sum of $14,131.52 certified under other statutes, amounting to the sum of $182,885.79, was caused to be

levied and raised by general tax upon the taxable property of the city of Fulton by the common council of said city. In accordance with section 246 of said charter the city clerk extended the tax against the different parcels, and the completed rolls were turned over to the city chamberlain, who proceeded to collect the same, and on the date the return herein was filed had collected in excess of $200,000.

Section 260 of the said charter directs the chamberlain to pay over to the treasurer of Oswego county on or before July 1st, all moneys received by him for county and State taxes. Prior to July 1, 1932, the chamberlain had paid over to the treasurer the sum of $75,500 to apply upon such State and county levy, and on June 28, 1932, the county treasurer had demanded the payment of the balance on or before July 1st as required by the said charter. Mandamus was granted at Special Term to enforce such payment, but the order was reversed by the Appellate Division.

The question squarely presented on this appeal is as to the duty of the city chamberlain to pay from the moneys collected by him on the annual tax levy the State and county taxes, before applying the balance for city purposes. The court below has held that the sole duty of the city chamberlain is to pay to the county treasurer all moneys actually received by him for State and county taxes on or before July 1st of each year; that it is only as to such taxes that a duty arises to pay them to the county treasurer. It rests its decision on the provision in the charter (§ 260) which reads as follows: " Settlement by chamberlain for taxes collected. It shall be the duty of the chamberlain to pay over to the treasurer of Oswego county on or before the first day of July of each year all moneys received by him for county and state taxes. He shall take duplicate receipts for each payment, one of which shall be immediately filed with the city clerk. All moneys received by him for taxes shall daily be deposited in such banks as are made depositories of the city. Except as otherwise provided by this act, the chamberlain shall settle with the county treasurer for

state and county taxes in the manner required by law of town collectors. At the time of the delivering to him of the duplicate city rolls and tax warrants, the chamberlain shall receipt for the same, and shall then be charged with the whole amount which he is thereby authorized to collect. He shall not be authorized to credit himself with any amount as unpaid on any warrant until he shall make and file with the city clerk an affidavit stating the amount unpaid, and setting forth the reason in each case why such tax or assessment is or has not been collected. The common council may thereupon order and authorize said chamberlain to credit himself with the whole or any part of said tax or assessment unpaid, and the chamberlain shall be credited only with such amount as the common council shall so order. Upon settling with the common council the chamberlain must show that he has duly settled with the county treasurer for state and county funds. The city clerk shall, on the delivery of the blank tax receipts to the chamberlain, charge the chamberlain with the number of receipts delivered, and the chamberlain shall immediately examine the numbering of the receipts and report to the city clerk any irregularity found therein. The chamberlain shall receipt to the city clerk therefor, and shall be held strictly accountable for all receipts found missing at regular settlements; also for all the detached receipts, including receipts, the duplicates of which do not show the entry of taxes. All irregularities in the issuance of receipts that render them worthless must be shown on the face of the original,· which must in no case be detached from the duplicate. At the time of the annual settlement the chamberlain shall deliver to the city clerk all duplicates of receipts issued by him, and other receipts delivered and charged by the city clerk to him."

We construe this section as meaning that the city of Fulton, through its chamberlain, should pay to the county out of the taxes received by him the amount of the State and county taxes. The city is legally bound to pay to the county the total amount of the tax to be levied by the

city for State and county purposes, not the amount collected from individuals for that purpose but the amount received, available for county and State taxes.

The city of Fulton, by its charter, has placed itself in the same position that counties are placed in under the general statutes in relation to the State. The county does not collect the State and county tax from individuals. It collects it from the city. The amount charged against the city is due from the city whether the city collects it or not. The city is bound to make up any deficiency in the collections, if it does not collect the amount charged against it. (*Mayor of City of New York* v. *Davenport*, 92 N. Y. 604; *Town of Amherst* v. *County of Erie*, 260 N. Y. 361.)

In the absence of a plain expression that the city of Fulton shall be relieved of all liability except for taxes specifically collected from individuals for State and county purposes we must decline to imply such a radical departure from the general rule. We uphold the policy which requires the city to pay over to the county the amount of the State and county tax in full from the first moneys received by it on the tax levy. The city may then reimburse itself by collecting the tax, or by borrowing money in anticipation of such collections.

The question of the clear legal duty of the chamberlain to pay over the full amount imposed on the city of Fulton for State and county taxes is so inextricably interwoven with the question of the liability of the city to the county therefor that we will not affirm solely on the ground that the proper remedy is by action against the city of Fulton, but will dispose of the entire question in this proceeding.

The order of the Appellate Division should be reversed and that the Special Term affirmed, with costs in this court and in the Appellate Division.

CRANE, LEHMAN, KELLOGG, HUBBS and CROUCH, JJ., concur; O'BRIEN, J., concurs in result solely on the authority of *Town of Amherst* v. *County of Erie* (260 N. Y. 361).

Ordered accordingly.