COUNTY OF NASSAU, Appellant and Respondent, *v.* CITY OF LONG BEACH et al., Respondents and Appellants.

Reargued May 20, 1937; decided June 8, 1937.

*James L. Dowsey, County Attorney* (*Kenneth M. Spence* and *Paul Van Anda* of counsel), for plaintiff, appellant and respondent. The county is entitled to be preferred over other creditors of the city regardless of the city's solvency and irrespective of whether or not the city's property is *in custodia legis.* (*Matter of Atlas Television Co.,* 273 N. Y. 51; *Sir Edward Coke's Case,* Godbolt, 289; *Matter of Henley & Co.,* 9 Ch. Div. 469; *Marshall* v. *New York,* 254 U. S. 380; *Stringfellow* v. *Brownesoppe,* 1 Dyer, 67; *Giles* v. *Grover,* 9 Bing. 127.) The debt of the city to · the county for State and county taxes due prior to April 29, 1933, bears interest from that date. (*Matter of Erigham* v. *City of New York,* 227 N. Y. 575; *People* v. *County of New York,* 5 Cow. 331; *People* v. *Myers,* 138 N. Y. 590; *People* v. *Fitch,* 148 N. Y. 71; *Woerz* v. *Schumacher,* 161 N. Y. 530.)

*David B. Tolins, Corporation Counsel* (*Joseph H. Choate, Jr.,* and *John J. Curtin* of counsel), for defendants, respondents and appellants. The Court of Appeals by its former decision held that the amount_ due from the city to the county was a debt and not a tax, and it follows therefrom that the county can have no preference with respect to the payment of the debt due it. (*County of Albany* v. *Hooker,* 204 N. Y. 1; *Matter of Northern Bank of New York,* 163 App. Div. 974; 212 N. Y. 608; *Glynn County* v. *Brunswick Terminal Co.,* 101 Ga. 244.) The method of payment of the county judgment was a matter within the discretion of Special Term, which discretion was approved by the Court of Appeals. (*Matter of Atlas Television Co.,* 273 N. Y. 51; *Matter of County of Oswego* v. *Foster,* 262 N. Y. 439; *East St. Louis* v. *Amy,* 120 U. S. 600.) The plaintiff was not entitled to any interest on the debt due it on April 29, 1933. (*State Board of Pharmacy* v. *Mishking,* 65 Misc. Rep. 588; *Empire State Sav. Bank* v. *Beard,* 81 Hun, 184; 151 N. Y. 638.)

*H. Preston Coursen* for Queens Borough Gas and Electric Company, *amicus curiæ.* The taxes which the

city actually collected prior to 1933 and failed to remit to the county have long since been spent. Any sovereign right of priority disappears with the *res.* (*Matter of Northern Bank of New York,* 85 Misc. Rep. 594; 163 App. Div. 974; 212 N. Y. 608; *Matter of Lazaroff,* 84 Fed. Rep. [2d] 982.)

HUBBS, J. The defendant city was required under the Tax Law (Cons. Laws, ch. 60) to collect the taxes certified to it by the county for collection. It became liable to the county for the amount of the taxes certified, whether collected or not. (*Town of Amherst* v. *County of Erie,* 260 N. Y. 361; *Matter of County of Oswego* v. *Foster,* 262 N. Y. 439.) A large portion of the taxes so certified was collected by the city but not paid over to the county. A portion of the taxes certified for collection was not collected by the city. At the time of the enactment of chapter 594 of the Laws of 1933 the city was indebted to the county for collected and uncollected taxes in a large amount. That statute was enacted to relieve the city of part of its indebtedness to the county. We decided that in so far as it attempted to relieve the city from its indebtedness to the county for taxes which had been certified for collection, it was unconstitutional but that it had the effect of relieving the city upon the terms therein stated from indebtedness for uncollected taxes certified after its enactment. We modified the decisions of the Trial Term and Appellate Division in so deciding. The Trial Term decided that the city was not liable for interest upon such indebtedness; also that the county did not have a preference in the collection of its judgment over other creditors of the city.

In its complaint plaintiff states it is entitled to a preference but did not demand judgment therefor. It alleges that the city has creditors to whom it is paying on account of their claims and asks for an injunction restraining the city from paying to such creditors. Those creditors had a legal right to proceed against the city on their claims.

Plaintiff also had a legal right to proceed by mandamus against the city. It chose not to do so, but proceeded in equity, seeking to deprive other creditors of. their legal right. The trial court in effect said to plaintiff: " Other creditors of the city will be restrained upon condition that the amount which the city can raise annually by taxation towards the payment of claims shall be distributed *pro rata* upon your judgment and the claims of the other creditors whom you are seeking to restrain from the collection of their claims." That the Trial Term, in its discretion, had authority to do in an equity action. Plaintiff had no absolute legal right to an injunction against other creditors and when the court of equity granted such relief, it could do so upon condition that plaintiff waive or be deprived of its right to a preference. When a plaintiff comes into equity asking for unusual and extraordinary relief, it cannot insist on a strict legal right. A city will not be compelled by mandamus to pay even a legal, valid claim for which there exists a clear legal right, if the effect of such a judgment would be to create a great hardship.

As to the contention that the county is entitled to recover interest on the debt due it from the city for taxes which had been certified to it for collection and not piad over, there is no liability. The indebtedness is created by section 107-a of the charter (Laws of 1922, ch. 635, as amd. L. 1928, ch. 540). We have decided that as to money collected and used by the city and taxes certified for collection and uncollected, the amendment of the statute, in attempting to relieve the city of the liability for such indebtedness, was unconstitutional. In the absence of any provision making the city liable for interest, it may be conceded, without deciding, that the city would be liable for interest. However, the provision of the statute creating the liability provided that the city should not be liable for any interest except for an amount " sufficient to repay all expenditures incurred by the

county in borrowing money equivalent to the amount" withheld by the city. The Trial Term decided that the proof was in such condition that it could not be determined what amount the county was required to pay out because of the failure of the city to pay over the amount due from it for taxes. We affirmed that portion of the decision. The amending statute (L. 1933, ch. 594) has accomplished under our decision a release of the city from liability as a debtor for subsequent uncollected taxes, except as therein limited. The liability for prior taxes remains. The duty to pay interest on those prior taxes rests upon section 107-a. To that extent that section has not been affected by the amendment. Therefore, the right of the county to recover interest depends upon proof as to the amount paid out by the county because of the failure of the city to pay over the taxes certified to it for collection. It failed to furnish that proof. It, therefore, is not entitled to recover interest.

The application by the plaintiff upon reargument to modify our previous decision should be denied, without costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Application denied.