John W. Sweeny, J.
On November 8, 1971, the defendant, City of Newburgh, repealed section 9-1, article 1 of its Code of Ordinances and thereby ostensibly relieved itself of the obligation to collect State and county taxes on behalf of the plaintiff, County of Orange. The plaintiff, moving by order to show cause, seeks an order temporarily restraining the effect of the defendant’s action and directing the defendant to collect State and county taxes and for a final judgment declaring the City' Council’s action void and declaring that the defendant must *999 comply with tax collection provisions of article 9 of the Beal Property Tax Law.
The parties have stipulated that, pending the court’s determination, the city will continue to collect State and county taxes but the ultimate obligation for future county taxes which are uncollected will depend upon the decision of the court.
The plaintiff contends that the defendant is under a direct mandate to collect county taxes by reason of article 9 of the Beal Property Tax Law, particularly sections 900 and 904 which provide that a county shall levy the taxes for the county and issue a warrant ‘ ‘ authorizing and directing the collecting officer of the city and town to collect [the taxes] ” (§ 904, subd. 1). Plaintiff suggests that it will be irreparably harmed since it will have to collect its own taxes and, because all other cities in the State collect taxes for their respective counties, it will also be discriminated against.
A further argument of plaintiff that the defendant’s failure to notice a public hearing before repealing its ordinance with respect to joint collection of taxes, is rejected by the court on the basis of the documentary evidence and affidavits submitted by defendant establishing proof of publication of notice of hearing in The Evening News on November 1 and 3 before the repeal of November 8. The defendant has complied with the notice requirements of subdivision 5 of section 20 of the Municipal Home Buie Law.
The defendant city contends that it will be inviting bankruptcy if it continues to bear the burden for uncollected county taxes pursuant to subdivision 2 of section 904 of the Beal Property Tax Law (former sections 58 and 59 of the Tax Law as interpreted by Matter of County of Oswego v. Foster, 262 N. Y. 439; Town of Amherst v. County of Erie, 260 N. Y. 361). The apparent lack of purchasers at tax sales in a city which is experiencing the ‘1 abandoned building ’ ’ syndrome is the equitable argument raised by defendant for justifying repeal of section 9-1 of its code. Defendant argues further that article 9 of the Beal Property Tax Law is not a mandate but merely a procedural article and if determined to be mandatory, then it is unconstitutional because of the disparity between obligations imposed on cities and towns. The burden for uncollected taxes is placed upon cities but not upon towns.
The City of Newburgh operates under a charter granted by the Legislature (L. 1917, ch. 590, as amd.). Section 8.16 of said charter provides in part that: 1 ‘ The council may by ordinance combine the taxes levied for state and county purposes and the *1000 taxes levied for general city purposes, and provide for the collection thereof” (emphasis added).
From its inception the city did not collect State and county taxes for the County of Orange. In 1941 by ordinance it exercised this charter option to do so. A most informal arrangement was made by letter that year between the city’s Tax Department and the County Treasurer. No formal agreement had ever been entered into between these municipalities with respect to the collection of taxes when the city repealed its local ordinance with regard to joint collection of taxes in November, 1971.
It appears quite evident that article 9 of the Real Property Tax Law is a mandate to counties to levy taxes and for counties to issue tax warrants. This article does not explicitly impose a duty on cities and towns to collect county taxes, rather it presupposes the existence of such a duty, and sets guidelines for the county to issue tax warrants to cities and towns.
In the case of a town the presupposed duty is explicitly imposed by section 37 of the Town Law which provides that “ it shall be the duty of such receiver of taxes and assessments to receive and collect all state, county, town and school taxes ” (emphasis added).
In the case of cities, there does not appear to be a comparable general law or constitutional requirement imposing such a duty. In Matter of Seneca Hotel Corp. v. Board of Supervisors of Ontario County (19 A D 2d 183) the court indicated that the basis for the City of Geneva’s obligation to collect county taxes was the city’s charter. A city by its charter, places itself in the same position that counties are placed in under the general statutes [tax statutes] (Matter of County of Oswego v. Foster, supra).
It would appear that some city charters create the duty precedent to the procedural guidelines imposed by article 9 of the Real Property Tax Law, for example, the charter of the City of Schenectady in section 210 provides that ‘1 the city, state and county tax shall be included in one levy” (emphasis added).
Irrespective of whether or not article 9 of the Real Property Tax Law was intended as a mandate to cities, section 1606 of that enactment explicitly declares that there was no intention by the Legislature ‘ ‘ to repeal or otherwise affect any * * * city or village charter ”. Since the City of Newburgh Charter predated the enactment of article 9 of the Real Property Tax Law that enactment would have no effect upon this option granted by the Legislature. Since section 972 of the same enact *1001 ment provides an optional method whereby the county can collect its own taxes along with a service charge for so doing the plaintiff will not be irreparably harmed by the defendant’s actions.
Since there is no obligation imposed on the City of Newburgh (by its charter) to collect county taxes unless it elects to do so the court can find no legal basis to impose the obligation. The defendant was given a very clear option by the Legislature to combine collection of taxes by local ordinance if it wished to do so and the State Constitution (art. IX, § 2, subd. [c], par. [8]) and the Municipal Home Rule Law (§10) establish a city’s right to revoke or amend local ordinances.
It is not within the province of the court to question the wisdom of this charter provision provided by the Legislature for it is the Legislature which possesses the power to make any charter change which it deems advisable regarding the method of collecting taxes (County of Nassau v. City of Long Beach, 272 N. Y. 260).
Plaintiff’s prayer for relief is therefore denied in all respects.