

# The Attorney General of Texas

March 14, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Kenneth E. Graeber
Executive Director
School Tax Assessment Practices
   Board
3301 Northland Drive, Suite 500
Austin, Texas 78731

Opinion No.  MW-147

Re:  Assessment and collection of
state  ad  valorem  tax  after
January 1, 1980.

Dear Mr. Graeber:

Under the provisions of the new Property Tax Code, your agency will become the State Property Tax Board on January 1, 1980. Property Tax Code § 8, Acts 1979, 66th Leg., ch. 841, at 2331. In this capacity it will be the state's agent in the collection of the state ad valorem tax. Property Tax Code § 31.09. Effective January 1, 1980, the assessment ratio for calculating taxes for state purposes will be .0001 percent. Property Tax Code § 26.03.

Since the tax rate for state ad valorem purposes is 10 cents per $100 of valuation, the state ad valorem tax will yield only one dollar per every one billion dollars in property value on the county tax roll. This will generate less than $200 per year statewide, or on the average, less than one dollar per county. Yet the cost of administering this tax could exceed $1,000,000 per year. You inquire as to the responsibilities county tax assessors will have with regard to this tax starting next year when the .0001% assessment ratio becomes effective.

All provisions of a code will be read together and harmonized if possible. Parshall v. State, 138 S.W. 759 (Tex. Crim. App. 1911). In construing legislation, the courts will not adopt a construction that will lead to absurd consequences. Dovalina v. Albert, 409 S.W.2d 616 (Tex. Civ. App. — Amarillo 1966, writ ref'd n.r.e.); City of Nacogdoches v. McLeroy, 371 S.W.2d 61 (Tex. Civ. App. — Beaumont 1963, no writ).

The legislature enacted provisions in the Property Tax Code which contemplate that the county tax assessor-collector will collect the state ad valorem tax. See Property Tax Code §§ 31.03, 31.07(b). However, the legislature also enacted the .0001% assessment ratio which makes it impossible to raise any revenue by collecting the tax, once the cost of collection is taken into consideration. Moreover, the tax would be virtually impossible to collect. The amount collected from each taxpayer would in

most cases be a small fraction of one cent. Once exemptions are granted, see Property Tax Code §§ 11.11 – 11.26, many taxpayers would owe nothing.

Section 31.07 contemplates that separate bills may be sent for the state and local taxes. Section 31.01(f) permits the governing body of a taxing unit to choose not to send a tax bill until the total amount of unpaid taxes is five dollars or more. We construe these provisions to authorize county tax assessors to defer sending separate bills for state ad valorem taxes until the total amount of unpaid taxes is five dollars or more. We believe this construction is necessary to render the provisions on state ad valorem tax workable. The State Property Tax Board is required to adopt rules prescribing methods of accounting for and remitting state property taxes. Property Tax Code § 31.09. We believe it can prescribe a procedure that authorizes the county tax assessor-collector to defer assessing and collecting the state tax until it amounts to five dollars per unit of property.

We also believe the board may authorize counties to advance to it each year the amount of uncollected state ad valorem tax for the county. Cf. Nassau County v. City of Long Beach, 9 N.E.2d 50 (N.Y. 1937) (statute made city liable to county for amount of taxes certified whether collected or not). We believe the county may reasonably assume the small burden of paying less than one dollar to the state in lieu of annually collecting that minute amount of tax at a far greater expenditure in collection costs. In this way the state will receive its ad valorem tax revenue and the counties will not have to collect it until the amount of revenue garnered will be more commensurate with collection costs.

## S U M M A R Y

The State Property Tax Board may adopt a rule authorizing the county tax assessor-collector to defer assessing and collecting the state ad valorem tax until it amounts to five dollars per unit of property. The board may also authorize counties to advance to it annually the amount of uncollected state ad valorem tax for the county.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Bob Gammage
Susan Garrison
Rick Gilpin
Myra McDaniel